■ In the Matter of ALFRED P. DUFFY, Appellant, v POUGH-KEEPSIE CITY SCHOOL DISTRICT, Respondent.—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (King, J.), entered January 18, 1991 in Dutchess County, which, upon reargument, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent concerning petitioner's salary while on suspension.

In June 1989, petitioner signed a five-year contract with respondent to serve as respondent's Assistant Superintendent in the City of Poughkeepsie, Dutchess County. Thereafter, petitioner was charged with seven instances of misconduct, insubordination, conduct unbecoming an official and neglect of duty. These charges basically stemmed from allegations that petitioner wasted, mishandled and improperly utilized respondent's funds without proper authorization. Petitioner was suspended with pay effective September 25, 1989 in accordance with the parties' employment contract. Subsequently, in August 1990 Sheldon Teitelbaum, respondent's internal claims auditor, informed petitioner that he was conducting an audit of cash advances and claims submitted by petitioner over the 1988-1989 school year. In accordance with his powers pursuant to Education Law § 2525 (2), Teitelbaum requested petitioner's presence at the audit. However, petitioner chose not to attend the audit and Teitelbaum ultimately concluded that petitioner had received cash advances in excess of actual expenditures in the amount of $31,530. Petitioner was notified that, pursuant to General Municipal Law § 77-b (1), "pending the full receipt of [this amount] the payroll department [is directed] to deduct that amount from your salary, starting with the next payroll". Thereafter, on or about September 28, 1990, petitioner ceased receiving any paychecks from respondent.

Thereafter, petitioner commenced this CPLR article 78

proceeding by order to show cause[1] requesting that respondent be permanently enjoined from offsetting unsubstantiated cash advances against future salary payments and seeking the return of funds already withheld. Petitioner also requested that a preliminary injunction to that effect be ordered. Supreme Court dismissed the matter[2] and petitioner moved for reargument, which was granted. Upon reargument, Supreme Court determined that because there appeared to be no legal impediment to hinder respondent's application of General Municipal Law § 77-b to recoup unreimbursed expense funds, the petition should be dismissed on the merits. This appeal followed.

We affirm. Initially, we reject petitioner's contention that respondent violated the provisions of his employment contract by withholding his salary.[3] As correctly pointed out by respondent, it has not suspended petitioner's salary inasmuch as contributions to petitioner's health plan continue to be made. Instead, respondent is merely recouping excess advances from petitioner's salary in accordance with General Municipal Law § 77-b. In other words, petitioner is still technically receiving a salary, but the entire net amount is being applied to reimburse the excess advances in accordance with the statute (see, General Municipal Law § 77-b [6]).

Petitioner's argument that injunctive relief is necessary to enjoin respondent from withholding his salary until the issue of excessive advances is finally determined in the pending disciplinary proceeding is without merit. The seven charges filed by respondent in that matter concern allegedly inappropriate and wasteful purchases that petitioner made on behalf of respondent as well as personal purchases reportedly made with respondent's credit card accounts. A review of these charges upon which respondent seeks to base the termination

---

1. Petitioner apparently did not thereafter serve a document denominated a petition as required by CPLR 7804 (c). In his later motion to reargue, petitioner contends that the affidavit was really a petition but that it was erroneously labeled. Supreme Court appears to have accepted this explanation and since no prejudice accruing to respondent has been alleged, we can safely disregard the technical violation (see, Matter of WNYT-TV v Moynihan, 97 AD2d 555, 556).

2. Although Supreme Court originally converted this proceeding into a declaratory judgment action and dismissed the complaint, upon reargument, it apparently reconverted the matter into a proceeding before dismissing the petition.

3. Paragraph 8-a (8) of the contract states that petitioner is entitled to his normal salary and benefits during a period of suspension until such time as respondent finally determines the merits.

of petitioner's employment reveals that the precise issue of excess advances is not included and, therefore, will not be determined in the disciplinary action. Accordingly, a final determination in that matter is not necessary to resolve the injunction issue.

The remaining issues raised by petitioner have been examined and found to be unpersuasive. Although petitioner argues that respondent's recoupment is fundamentally unfair to him, we note that it is authorized by statute and even a cursory glance at the documents submitted by petitioner to support his claim for advances demonstrates that they do not meet the minimum statutory requirements for appropriate claims (see, Education Law § 2524 [1]). Consequently, because it appears that petitioner had the unauthorized use of over $30,000 for a full school year, respondent's action to recoup the loss does not strike us as fundamentally unfair.

Mercure, J. P., Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.