■ PETER SUDARSKY et al., Appellants, v CITY OF NEW YORK et al., Respondents. [633 NYS2d 26] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered April 14, 1994, granting defendants' motion for summary judgment dismissing the complaint on the grounds of res judicata and collateral estoppel, and denying plaintiffs' cross-motion to file a late notice of claim or to deem prior filings to constitute a notice of claim pursuant to General Municipal Law § 50-e, unanimously reversed, on the law, defendants' motion denied, the complaint reinstated and the matter remanded for further proceedings, without costs.

The plaintiffs assembled eight contiguous buildings on East 52nd and East 53rd Streets in Manhattan for the purpose of constructing a 17-story residential building on the East 52nd

Street site and renovating the three buildings on East 53rd Street. They contend that by reason of various actions or inactions, the defendants held up the proposed project until the area was downzoned, thus preventing the consummation of their plan and resulting in the sale of the parcel for $10 million, less than its fair market value before downzoning.

Plaintiffs initially sued in the United States District Court for the Southern District of New York, alleging constitutional as well as Federal and State law claims. The court dismissed plaintiffs' constitutional claim and the defendants were granted summary judgment on plaintiffs' regulatory taking claim, basically on the ground that the matter was not ripe for adjudication inasmuch as there had not been a final determination by the local administrative agencies with respect to the issues and plaintiffs had not made use of the State court system in order to obtain compensation for the alleged taking, and dismissed plaintiffs' pendent State claims under the abstention doctrine (*Sudarsky v City of New York*, 779 F Supp 287, 299, *affd* 969 F2d 1041, *cert denied* 506 US 1084, *reh denied* 507 US 980, *motion to vacate denied* 1992 US Dist LEXIS 16557 [SD NY, Oct. 28, 1992, Ward, J.], *reh denied* 1993 US Dist LEXIS 53 [SD NY, Jan. 5, 1993, Ward, J.]).

Under the circumstances, the Federal court's determination was not final and so could not be the ground for application of the doctrine of res judicata, although some aspects might have a collateral estoppel effect, which question can only be determined when all of the contentions are considered in a trial of the issues.

The cross-motion by plaintiffs to file a late notice of claim or to deem prior filings to constitute a notice of claim was denied on the ground of mootness in view of the granting of summary judgment to the defendants on the ground of res judicata. Accordingly, upon remand the cross-motion should be considered anew. Concur—Murphy, P. J., Rubin, Kupferman and Williams, JJ.