(October 27, 1999)

█ In the Matter of KIMBERLY M. PAGE, Respondent, v ANDREW G. CERESIA, Appellant, et al., Respondents. [697 NYS2d 373] —Per Curiam. Appeal from a judgment of the Supreme Court (Cobb, J.), entered October 21, 1999 in Rensselaer County, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of substitution naming respondent Andrew G. Ceresia as the Conservative Party candidate for the office of Town Justice of the Town of North Greenbush in the November 2, 1999 general election.

Petitioner commenced this proceeding challenging the certificate of substitution naming respondent Andrew G. Ceresia (hereinafter respondent) as the Conservative Party candidate for the office of Town Justice of the Town of North Greenbush in the November 2, 1999 general election. Respondent cross-moved to dismiss contending, *inter alia*, that the proceeding was not properly commenced and, therefore, Supreme Court lacked jurisdiction. Supreme Court, *inter alia*, granted petitioner the requested relief, prompting this appeal by respondent.

Respondent, as so limited by his brief, contends only that

Supreme Court erred in failing to dismiss this proceeding, which was commenced by the filing of an order to show cause and affirmation verified by petitioner's attorney, based upon jurisdictional grounds. Specifically, respondent argues that this proceeding was not commenced in compliance with Election Law § 16-116, which requires that a special proceeding of this nature be heard upon a "verified petition". For the reasons that follow, we find this argument to be lacking in merit and, accordingly, affirm Supreme Court's judgment.

As a starting point, absent any claim that a substantial right of a party was prejudiced, Supreme Court properly treated the verified affirmation as a petition for purposes of commencing this special proceeding (*see,* CPLR 402, 3026; *Matter of Duffy v Poughkeepsie City School Dist.,* 183 AD2d 1047, 1048, n 1; *Matter of Rosenhain,* 151 AD2d 835, 836-837). As to the validity of such verification, CPLR 3020 (d) (3) permits the verification to be made by an attorney where, as here, the party in question does not reside in the county where the attorney has his or her office. In our view, Supreme Court correctly concluded that counsel's verification here satisfied the requirements imposed by Election Law § 16-116 (*see, Matter of Tenneriello v Board of Elections,* 63 NY2d 700, 701). Respondent's remaining arguments regarding Supreme Court's jurisdiction over this matter have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.