■ In the Matter of MAYA SEMYONOVA, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [789 NYS2d 38]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered October 17, 2003, which denied petitioner's application for leave to file a late notice of claim against respondent, unanimously reversed, on the law, without costs, and the application granted to the extent of permitting the filing of such notice of claim for breach of warranty of habitability and constructive eviction.

By notice of petition dated April 9, 2003, petitioner pro se moved for an order granting leave to file a late notice of claim. The relief sought was a 100% rent abatement and punitive damages against respondent for failing to enforce its rules and regulations, as well as damages for breach of warranty of habitability and constructive eviction.

Petitioner avers that the continuing problems concerning repairs, sporadic utility problems and general lack of maintenance concerning her senior citizen apartment managed by respondent date back to 1992. She brought an action in Housing Court, and on June 5, 2002, was given an order directing respondent to make appropriate repairs to her apartment. After repeated letters to respondent to obtain compliance, and after she was effectively locked out of her apartment on August 16, 2002, a notice of claim was filed on November 22. The problems with the apartment continued unabated and petitioner continued to write to respondent's representatives seeking compliance with the Housing Court order. In frustration, petitioner filed another notice of claim on April 16, 2003, alleging breach of the warranty of habitability and constructive eviction. Although the proposed notice of claim sets forth facts that date back to 1992, petitioner only seeks damages from June 5, 2002.

Respondent opposed this application in the IAS court on the

basis that the notice of claim was not filed within the 90-day time period required by statute (General Municipal Law § 50-e), and that as a result, respondent is prejudiced by the delay in filing. The IAS court agreed on both counts and denied petitioner's application.

Whether to grant an application for leave to serve a late notice of claim rests within the sound discretion of the court (*see* General Municipal Law § 50-e [5]; *Washington v City of New York*, 72 NY2d 881 [1988]). "The key factors which the court must consider in determining if leave should be granted are whether the movant demonstrated a reasonable excuse for the failure to serve the notice of claim within the statutory time frame, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense. Moreover, the presence or absence of any one factor is not determinative, and the absence of a reasonable excuse is not fatal" (*Matter of Dubowy v City of New York*, 305 AD2d 320, 321 [2003] [citations omitted]).

Here, petitioner, a pro se litigant, claimed ignorance of the 90-day notice-of-claim requirement, compelling her to make an application to accept the late filing of such notice. Even assuming that petitioner failed to present an acceptable excuse for not timely filing a notice of claim, such failure is not fatal to her application. Based on numerous letters it received from petitioner, respondent had actual notice of the essential facts constituting the claims of breach of warranty of habitability as of the Housing Court's order of June 5, 2002, and constructive eviction beginning on August 16, 2002, when respondent changed the locks on the door to the apartment. In addition, based on the Housing Court order to make certain repairs to petitioner's apartment, respondent cannot seriously argue that prejudice would result should this application be granted. Concur— Marlow, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.