■ In the Matter of D'ANGELO JORDAN, Appellant, v CITY OF NEW YORK et al., Respondents. [833 NYS2d 8]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered April 5, 2005, which, inter alia, denied petitioner's motion for an extension of time to serve an order to show cause executed by the court on February 16, 2005, unanimously reversed, on the law and the facts, without costs, the motion granted, petitioner granted a one-day extension, nunc pro tunc, to serve the order to show cause and service deemed complete as of February 18, 2005, and the matter remanded to Supreme Court for consideration of petitioner's application for leave to serve a late notice of claim.

On November 26, 2003, petitioner sustained a gunshot wound to the left side of his face. Two ambulance crews, one allegedly from St. Luke's Hospital and the other from the New York City Fire Department, arrived at the scene of the incident, 545 West 158th Street in Manhattan. In the course of administering first aid to petitioner, the paramedics inserted a catheter tube into petitioner's urethra. Petitioner's medical records indicate that he sustained a urethral laceration as a result of the catheterization which required surgery to repair.

On February 14, 2005, petitioner filed an unsigned order to show cause with the New York County Clerk's Office that sought to notice an application for leave to serve a late notice of claim on the City. Attached was an affirmation by petitioner's attorney and a verified proposed notice of claim, asserting that the paramedics who inserted the catheter, allegedly City employees, performed the catheterization in a negligent manner, thereby causing petitioner to sustain personal injuries.

The order to show cause was signed by Supreme Court on February 16, 2005 and the return date was set for February 23, 2005. Supreme Court directed petitioner to serve the City by

personal service on or before February 17, 2005. Petitioner effected personal service on the City but did not do so until February 18, 2005. In its opposition to the application, the City argued, among other things, that the proceeding should be dismissed because petitioner failed to serve the City by the deadline set in the order to show cause. The return date of the order to show cause was adjourned to March 16, 2005. On March 7, 2005, petitioner "cross-moved" for a one-day extension of time (i.e., until February 18) to serve the order to show cause on the City.

By the order appealed from, entered April 5, 2005, Supreme Court denied the relief sought by the order to show cause and the "cross motion." The court wrote, in pertinent part, that:

"An order to show cause must be served as directed by the judge in the order to show cause, or it is a nullity . . . . Although a court may, and this court routinely does, entertain an application made before the return date to alter the service date on the order to show cause, no such application was made here. Rather, instead of presenting another order to show cause, or making a timely ex parte application for a change of the service date on the original order to show cause, movant brought the instant 'cross motion,' which, as the moving party, it is not entitled to bring. The 'cross motion' was purportedly served by mail on March 7, 2005 and made returnable on March 16, 2005, the return date of the order to show cause. Given the mailing, for which the statutory five days must be added, service was short . . . .

"Moreover, this court cannot substantively grant the relief sought by the 'cross motion': the cross motion was purportedly received after the expiration of the one-year plus 90 day limitation period, because the incident allegedly occurred on November 26, 2003; the order to show cause, having been a nullity because of the improper service, did not stop the running of the statute of limitations."

On his appeal from the order, petitioner contends both that Supreme Court erred in denying his "cross motion" for an extension of time to serve the order to show cause pursuant to CPLR 306-b, and that his application for leave to serve a late notice of claim should have been granted. We agree with the former contention and remand the matter to Supreme Court for consideration of petitioner's application.

Supreme Court erroneously concluded that the order to show cause was a nullity because petitioner did not serve the City by the deadline set by the court. Petitioner commenced this special proceeding on February 14, 2005, within the one-year-and-90-

day statute of limitations (General Municipal Law § 50-e [5]; § 50-i [1]),[1] when he filed the unsigned order to show cause, his attorney's affirmation and the verified proposed notice of claim. The affirmation and proposed notice of claim are properly viewed as the petition (CPLR 402) required to commence a special proceeding[2] (CPLR 304; *see Matter of Page v Ceresia*, 265 AD2d 730 [1999]; *see also* CPLR 3026). Having timely commenced this special proceeding, the proceeding could not be deemed a nullity, regardless of petitioner's failure to serve the order to show cause within the time prescribed by Supreme Court.[3] Any defect in the service of the order to show cause merely raised an issue regarding whether the court had personal jurisdiction over the City.

Turning to petitioner's "cross motion" for an extension of time to serve the order to show cause, the "cross motion" was in fact a separate motion that was served by mail nine days before the March 16, 2005 return date. While petitioner did not provide the City with 13 days notice of the separate motion (CPLR 2214 [b]; 2103 [b] [2]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:8, at 86; *see Williams v Sahay*, 12 AD3d 366 [2004]), we have discretion to overlook late service where the nonmoving party sustains no prejudice (*see Sheehan v Marshall*, 9 AD3d 403 [2004]; *Glasz v Glasz*, 173 AD2d 937 [1991]). Here, the separate motion was directly responsive to the City's opposition, was served nine days before the return date and was made in accordance with CPLR 406 ("Motions in a special proceeding, made before the time at which the petition is noticed to be heard, shall be noticed to be heard at that time"). Accordingly, no prejudice was sustained by the City and we overlook the late service of the separate motion. The erroneous characterization of the motion as a "cross motion" was a self-inflicted, but by no means fatal, wound. To require petitioner to bring a new order to show cause seeking the same relief would exalt form over substance.

---

1. The one-year-and-90-day statute of limitations was tolled while petitioner's application to serve a late notice of claim was pending (*see Giblin v Nassau County Med. Ctr.*, 61 NY2d 67 [1984]).

2. "In the absence of a pending action, an application for leave to serve a late notice of claim must be brought as a special proceeding" (*Matter of Sullivan v Lindenhurst Union Free School Dist. No. 4*, 178 AD2d 603, 604 [1991]; *see* Siegel, NY Prac § 32, at 38 [4th ed]; *see also Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155 [2006]).

3. Proceedings commenced under the Election Law are expressly excluded from CPLR 306-b and governed by discrete provisions of the Election Law (*see Matter of Riley v Democratic Party of Owasco*, 21 AD3d 708 [2005], *lv denied* 5 NY3d 707 [2005]; *see also Matter of Bruno v Ackerson*, 51 AD2d 1051 [1976], *affd* 39 NY2d 718 [1976]).

Petitioner's motion under CPLR 306-b[4] for an extension of time to serve the order to show cause should have been granted "in the interest of justice," regardless of whether petitioner demonstrated "good cause," i.e., established that he utilized reasonable diligence in attempting timely to serve the City (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95 [2001]). "The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. . . . [T]he court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*id.* at 105-106). Petitioner, who was given only one day to serve the order to show cause, served it one day late, and the City failed to demonstrate that it was prejudiced as a result of the minimal delay.

While petitioner's separate motion to extend the time to serve the order to show cause should have been granted, we do not pass judgment on the merits of his application for leave to serve a late notice of claim. Whether to grant an application for leave to serve a late notice of claim rests within the sound discretion of Supreme Court (*Matter of Semyonova v New York City Hous. Auth.,* 15 AD3d 181 [2005]; *see Ali v Bunny Realty Corp.,* 253 AD2d 356 [1998]; *Matter of Lopez v New York City Hous. Auth.,* 225 AD2d 492 [1996]). Therefore, we remand to Supreme Court to permit it to exercise its discretion after consideration of the factors and circumstances relevant to an application pursuant to General Municipal Law § 50-e (5) (*see Matter of Butler v Town of Ramapo,* 242 AD2d 570 [1997]; *Sudarsky v City of New York,* 220 AD2d 353 [1995]). Concur—Nardelli, J.P., Williams, Catterson, McGuire and Malone, JJ.

---

4. CPLR 306-b provides, in pertinent part, that: "[s]ervice of the . . . petition with a notice of petition or order to show cause shall be made within one hundred twenty days after the filing of the . . . petition, provided that in an action or proceeding, except a proceeding commenced under the election law, where the applicable statute of limitations is four months or less, service shall be made not later than fifteen days after the date on which the applicable statute of limitations expires. If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service."