filed. Concur—Mazzarelli, J.P., Williams, Sweeny, Catterson and Moskowitz, JJ.

■ FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK, INC., Appellant, v BENCHMARK TITLE AGENCY LLC et al., Respondents. [851 NYS2d 523]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered January 8, 2007, which granted defendants' motion for partial summary judgment, dismissing the first, second and fourth causes of action, unanimously affirmed, with costs.

The restrictive covenants not to compete or solicit, set forth in the contract of sale, had expired. Furthermore, the expressly negotiated covenant not to compete superseded the normally implied common-law covenant, particularly where, as here, the customers are generally identifiable, and enjoining solicitation of former clients after the negotiated time period would be tantamount to preventing defendants from acting as a title insurer in Westchester County (*see MGM Ct. Reporting Serv. v Greenberg*, 74 NY2d 691 [1989]; *Titus & Donnelly v Poto*, 205 AD2d 475 [1994]).

Defendants met their burden of demonstrating entitlement to summary judgment on the issue of claimed confidential documents and related violation of fiduciary duty, and plaintiff did not meet its burden of demonstrating the existence of issues of fact to warrant a trial (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Williams, Sweeny, Catterson and Moskowitz, JJ.

■ DAVID FROMER et al., Respondents, v FISHER, FISHER & BERGER, Appellant. [850 NYS2d 901]—Appeal from an order, Supreme Court, New York County (Joan A. Madden, J.), entered August 28, 2007, unanimously withdrawn in accordance with the terms of the stipulation of the parties hereto. No opinion. Order filed. Concur—Mazzarelli, J.P., Williams, Sweeny, Catterson and Moskowitz, JJ. [*See* 2007 NY Slip Op 32696(U).]

(February 26, 2008)

■ OMAR BERETE, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [851 NYS2d 525]—

Order, Supreme Court, Bronx County (Douglas E. McKeon. J.), entered January 6, 2006, which granted plaintiff's motion to deem his notice of claim timely served nunc pro tunc, unanimously reversed, on the law, without costs, the disposition vacated and the matter remanded to Supreme Court for reconsideration of plaintiff's application for leave to serve a late notice of claim.

The court erroneously concluded that it was without discretion to deny leave to serve a late notice of claim to a plaintiff who allegedly suffered a neonatal injury at a facility owned by defendant Health and Hospitals Corporation, where a medical record existed memorializing the details of the delivery. General Municipal Law § 50-e (5) requires courts to exercise discretion in determining whether to grant or deny leave to file a late notice of claim. The statute "contains a nonexhaustive list of factors that the court should weigh, and compels consideration of all relevant facts and circumstances" (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539 [2006]). The three relevant statutory criteria in this case are whether defendants had actual knowledge of the essential facts constituting the claim, plaintiff's infancy, and whether the delay in serving the notice of claim substantially prejudiced defendants.

Plaintiff alleges trauma, seizures, brain damage and developmental delays resulting from defendants' use of forceps during his delivery. In support of his motion, he submitted medical records noting that he had sustained a "moderate cephalohematoma" and "moderate facial bruising on the right cheek." We do not, however, pass judgment on the merits of plaintiff's claim, nor defendants' argument that these same records indicate a difficult delivery albeit without indication of long-term injury.

These issues go to the question of whether Supreme Court, in the exercise of its sound discretion, should grant plaintiff's application to file a late notice of claim (*Matter of Semyonova v New York City Hous. Auth.*, 15 AD3d 181 [2005]). Accordingly, we remand to permit Supreme Court to exercise its discretion "after consideration of the factors and circumstances relevant to an application pursuant to General Municipal Law § 50-e (5)" (*Matter of Jordan v City of New York*, 38 AD3d 336, 339

[2007]). Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and McGuire, JJ.