■ GEORGE NICODENE, Appellant, v BYBLOS RESTAURANT, INC., et al., Respondents, et al., Defendants. [949 NYS2d 684]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered January 18, 2011, which granted the motion of defendants Byblos Restaurant, Inc., Danny Hasbani and Sabeh K. Kachouh to dismiss the complaint pursuant to CPLR 3211 (a) (8), and denied plaintiff's cross motion for an extension of time to effect service pursuant to CPLR 306-b, unanimously modified, on the law and the facts and in the exercise of discretion, defendants' motion granted, unless, within 120 days from the date of entry of this order, plaintiff effects proper service on defendants, plaintiff's cross motion to extend his time to serve granted, as indicated, and otherwise affirmed, without costs.

Although plaintiff failed to properly effect service of process, his cross motion for an order extending his time to serve the summons and complaint should have been granted in the interest of justice (CPLR 306-b). "The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]). Although defendants cite plaintiff's lack of diligence in commencing this action, diligence or lack thereof is but one of several factors that may be considered by a court under an interest of justice analysis (*id.* at 105-106).

The merit of plaintiff's cause of action was demonstrated by his affidavit in which he stated that he was injured on March 11, 2007 in a restaurant that was owned by all of the defendants when the chair upon which he sat collapsed. The record shows that within six months after the accident, plaintiff's counsel began to exchange correspondence with defendants' carrier. That correspondence included a physician's report as well as the reports of two MRIs. In addition, the record shows that counsel and the carrier engaged in settlement discussions. By letter dated May 20, 2010, the carrier acknowledged that it had been advised of the commencement of this action. Albeit unsuccessfully, plaintiff attempted to effect service before the statute of limitations expired. In light of plaintiff's prima facie showing of the merit of his claim, his prompt contact with defendant's carrier, the settlement negotiations with the carrier and the absence of prejudice to defendants, an extension of time to effect service is warranted (*see e.g. Woods v M.B.D. Community Hous. Corp.*, 90 AD3d 430, 431 [2011]). Concur—Saxe, J.P., Sweeny, Renwick, DeGrasse and Richter, JJ.