Matter of DeLee v Brunetti (2018 NY Slip Op 00742)





Matter of DeLee v Brunetti


2018 NY Slip Op 00742


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1420 OP 17-00237

[*1]IN THE MATTER OF DWIGHT DELEE, PETITIONER,
v
HON. JOHN J. BRUNETTI, SUPREME COURT JUSTICE, ONONDAGA COUNTY, AND WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, ONONDAGA COUNTY, RESPONDENTS. 






CHARLES A. KELLER, III, SYRACUSE, FOR PETITIONER. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, ONONDAGA COUNTY. 


 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]). Petitioner seeks, inter alia, a writ of prohibition barring his retrial on the ground of double jeopardy. 
It is hereby ORDERED that said petition is unanimously dismissed without costs.
Memorandum: Petitioner was convicted of manslaughter in the first degree as a hate crime (Penal Law §§ 125.20 [1]; 485.05 [1] [a]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). On appeal from the judgment of conviction, we determined that the verdict convicting him of manslaughter in the first degree as a hate crime yet acquitting him of manslaughter in the first degree was inconsistent, i.e., " legally impossible,' " inasmuch as all of the elements of manslaughter in the first degree are elements of manslaughter in the first degree as a hate crime (People v DeLee, 108 AD3d 1145, 1148 [4th Dept 2013], quoting People v Muhammad, 17 NY3d 532, 539-540 [2011]). We thus modified the judgment by reversing that part convicting him of manslaughter in the first degree as a hate crime and dismissing that count of the indictment.
The Court of Appeals agreed that "the jury's verdict was inconsistent, and thus repugnant" (People v DeLee, 24 NY3d 603, 608 [2014]), but disagreed with our remedy of dismissal. The Court explained that there is "no constitutional or statutory provision that mandates dismissal for a repugnancy error," that its footnote in Muhammad, requiring " dismissal of the repugnant conviction,' " was "dictum," and that "a repugnant verdict does not always signify that a defendant has been convicted of a crime on which the jury actually found that he did not commit an essential element" (id. at 609-610). The Court added, "where a repugnant verdict [is] the result, not of irrationality, but mercy, courts should not . . . undermine the jury's role and participation by setting aside the verdict' . . . [I]f this mercy function is the cause of a repugnant verdict, the remedy of dismissal of the repugnant conviction is arguably unwarranted. Indeed, it provides a defendant with an even greater windfall than he has already received" (id. at 610). The Court thus held that "permitting a retrial on the repugnant charge upon which the jury convicted, but not on the charge of which the jury actually acquitted [petitioner], strikes a reasonable balance" (id.). As a result, the Court determined that the People could "resubmit the crime of first-degree manslaughter as a hate crime to a new grand jury" (id.).
A grand jury subsequently returned a second indictment charging petitioner with manslaughter in the first degree as a hate crime. Petitioner's motion to dismiss that second indictment was denied, and he commenced this CPLR article 78 proceeding seeking a writ of prohibition barring his retrial on the ground of double jeopardy and, in the event such relief were denied, leave to appeal to the Court of Appeals. Initially, we note that, although petitioner did not file an actual petition, "absent any claim that a substantial right of a party was prejudiced, [*2][we may] properly treat[ ] the verified affirmation as a petition for purposes of commencing this special proceeding" (Matter of Page v Ceresia, 265 AD2d 730, 731 [3d Dept 1999]; see CPLR 402, 3026).
With respect to the merits of petitioner's contentions, "[i]t is axiomatic that the Appellate Division and the trial courts are court[s] of precedent and [are] bound to follow the holding of the Court of Appeals' " (Margerum v City of Buffalo, 148 AD3d 1755, 1758 [4th Dept 2017], quoting Jiannaras v Alfant, 124 AD3d 582, 586 [2d Dept 2015], affd 27 NY3d 349 [2016]). Inasmuch as the Court of Appeals has specifically authorized the People to obtain a new accusatory instrument charging the same offense under CPL 40.30 (4), we are bound to follow that holding, and we therefore reject defendant's challenges to the determination of the Court of Appeals and deny his request for leave to appeal to the Court of Appeals.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court