Matter of Cerreta v County of Suffolk (2022 NY Slip Op 04964)

Matter of Cerreta v County of Suffolk

2022 NY Slip Op 04964

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-04136
 (Index No. 622430/19)

[*1]In the Matter of Dana Cerreta, respondent,
v
County of Suffolk, et al., appellants.

Dennis M. Cohen, County Attorney, Hauppauge, NY (Jacob S. Kutnicki of counsel), for appellants.
Silberstein Awad & Miklos, P.C., Garden City, NY (Justin Meserole, Erin Spielman, and Jeffrey Bloomfield of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, County of Suffolk, Suffolk County Police Department, and Lawrence Leak appeal from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated April 22, 2020. The order, insofar as appealed from, granted that branch of the petition which was for leave to serve a late notice of claim.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 17, 2018, the petitioner allegedly was injured when her vehicle was struck in the rear by an unmarked police vehicle operated by Lawrence Leak, an officer with the Suffolk County Police Department (hereinafter the SCPD). On November 12, 2019, the petitioner filed an order to show cause, an affirmation of counsel, and a verified proposed notice of claim with the Suffolk County Clerk, seeking, inter alia, pursuant to General Municipal Law § 50-e(5), leave to serve a late notice of claim on the County of Suffolk, the SCPD, and Leak (hereinafter collectively the appellants). In an order dated April 22, 2020, the Supreme Court, among other things, granted that branch of the petition which was for leave to serve a late notice of claim.
Timely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against a municipal entity (see General Municipal Law § 50-e; Matter of Catania v City of New York, 188 AD3d 1041; Matter of Bermudez v City of New York, 167 AD3d 733). A petition for leave to serve a late notice of claim upon a public authority may not be made more than one year and 90 days after the happening of the event upon which the claim is based, unless the statute of limitations has been tolled (see General Municipal Law §§ 50-e[5]; 50-i[1]; Pierson v City of New York, 56 NY2d 950, 954; Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668, 668).
Here, the petitioner timely commenced this proceeding on November 12, 2019, by filing the order to show cause, the affirmation of counsel, and the verified proposed notice of claim (see Matter of Jordan v City of New York, 38 AD3d 336, 337-338). Where, as here, the appellants do not claim that a substantial right would be prejudiced, the affirmation and proposed notice of [*2]claim "are properly viewed as the petition required to commence a special proceeding" (id. at 338 [citation omitted]; see CPLR 3026; Matter of Page v Ceresia, 265 AD2d 730, 731). Further, "the statute of limitations was tolled from the time the proceeding was commenced" until the date of the order deciding the petition (Matter of Alvarez v New York City Hous. Auth., 97 AD3d at 668; see Giblin v Nassau County Med. Ctr., 61 NY2d 67, 74). Thus, contrary to the appellants' contention, "the petition was timely made" (Matter of Alvarez v New York City Hous. Auth., 97 AD3d at 668; see Matter of Joy v County of Suffolk, 89 AD3d 1025).
The appellants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the petition which was for leave to serve a late notice of claim.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court