Dragons 516 Ltd. v Knights Genesis Inv. Ltd. (2023 NY Slip Op 50146(U))

[*1]

Dragons 516 Ltd. v Knights Genesis Inv. Ltd.

2023 NY Slip Op 50146(U)

Decided on March 1, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 1, 2023
Supreme Court, New York County

Dragons 516 Limited, Plaintiff,

against
Knights Genesis Investment Limited, GENESIS DEVELOPMENT COMPANY LLC, SHANGHAI MUNICIPAL INVESTMENT (GROUP) CORPORATION (A/K/A SHANGHAI CHENGTOU GROUP CORPORATION), SHANGHAI SMI ASSETS MANAGEMENT (GROUP) CO., LTD., SMI USA GROUP LLC (F/K/A SHANGHAI MUNICIPAL INVESTMENT (GROUP) USA LLC), SMI 138 E 50 ST LLC, CERUZZI HOLDINGS LLC, CERUZZI PROPERTIES LLC, IC 50 DEVELOPMENT LLC, 50 LEX DEVELOPMENT LLC, DUNFEI (WILLIAM) CHEN, QIANYI (VINCENT) XIE, JINCHENG (JASON) YUAN, JIA JU (TOM) TAO, FENG (KEVIN) GAO, Defendant.

Index No. 653187/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 129, 131 were read on this motion to/for EXTEND - TIME.
The following e-filed documents, listed by NYSCEF document number (Motion 005) 98, 99, 100, 101, 102, 103, 104, 105, 106, 109, 130, 132 were read on this motion to/for ALTERNATE SERVICE .
The following e-filed documents, listed by NYSCEF document number (Motion 011) 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201 were read on this motion to/for JUDGMENT - DEFAULT.
Motion sequences 004, 005, and 011 are consolidated herein for disposition.
In this action for fraud and conversion, plaintiff Dragons 516 Limited alleges that defendants engaged in an investment scheme to defraud plaintiff of $30 million dollars. Plaintiff commenced this action to recover loan proceeds that were purportedly improperly converted.
BACKGROUND
In motion sequence 004, plaintiff moves, pursuant to CPLR 306-b and 2004, for an extension of time to serve defendants Knights Genesis Investment Limited (Knights Genesis), Dunfei Chen (Chen), Jincheng Yuan (Yuan), and Qianyi (Vincent) Xie (NYSCEF doc. no. 70). In motion sequence 005, plaintiff moves for an order, pursuant to CPLR 308 and 311, permitting service upon those same defendants by email (NYCEF doc. no. 99).
In April of 2022, plaintiff moves, pursuant to CPLR§ 3215, for entry of default judgment against defendants Yuan and Chen (motion seq. no. 009). This court denied said motion as the documentary evidence submitted to the court in support of the application was not in admissible [*2]form, and the plaintiff provided no legal authority which would compel this court to grant the relief requested. The motion was denied without prejudice with leave to renew upon submission of proper supporting documentation. In motion sequence 011, plaintiff moves, for a second time, for a default judgement against Yuan and Chen (motion seq. no. 011).
Thereafter, on the application of Cary B. Samowitz and Gerard Fox Law P.C., a proposed order to show cause was filed seeking leave to permit defendant Chen to respond to plaintiff's default motion as against him (motion seq. no. 013, NYSCEF doc. no. 214).
For the foregoing reasons, plaintiff's motion for default judgment against defendant Yuan is granted. However, that portion of the order seeking a default judgment as against defendant Chen is denied. Plaintiff's motion for additional time to serve defendants Knights Genesis and Vincent is granted, but plaintiff's motion for alternative service upon defendants Knights Genesis and Vincent is denied. That portion of plaintiff's motion seeking alternative service and additional time to serve defendants Yuan and Chen is denied as moot. 

DISCUSSION
Service of Process
In its moving papers, plaintiff sets forth its efforts to serve all named defendants within the United States via hand delivery and post office box, in addition to channels made available through the Hague Convention (NYSCEF doc. no. 70), together with its efforts to serve some defendants in the British Virgin Islands (NYSCEF doc. no. 106). Notwithstanding its efforts, plaintiff was unable to serve defendant Knight Genesis, Chen (the alleged former managing partner and owner of Knights Genesis and defendant GDC), Vincent (the purported director and owner of Knights Genesis and CEO of GDC) and Yuan (the claimed majority owner of Knights Genesis) (NYSCEF doc. no. 70, pg. 3). Plaintiff moves for additional time to serve said defendants (motion seq. no. 004) and seeks leave to serve defendants by alternative means via email (motion seq. no. 005).
In opposition, counsel for Knights Genesis Investment Limited (a party against whom the motion was not made) refutes the presumption of good cause for leave for alternative service and additional time to serve by challenging the voracity and reasonableness of plaintiff's service efforts (NYSCEF doc. no. 129, pg. 11). Defendant, while not affected by any decision with respect to plaintiff's application, challenges plaintiff's capacity to assert this suit and claims plaintiff did not exhaust all reasonable service options, because it unreasonably delayed in serving Knights Genesis through its registered corporate agent (NYSCEF doc. no. 129, pg. 4).
CPLR 306-b provides that service of process must be made "within one hundred twenty days after the commencement of the action." Pursuant to CPLR § 2004, the court may extend the time fixed by any statute upon a showing of good cause and upon such terms as may be just, whether the application for an extension is made before or after the expiration of the time fixed.
In addition, CPLR § 3012 (d) provides that, "upon the application of a party, the court, may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default."[FN1]

CPLR 306-b permits the court to extend the time for service "upon good cause shown or in the interest of justice." Whether to grant "an extension of time for service [pursuant to CPLR 306-b] is a matter within the court's discretion" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101 [2001]).The court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including the expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant (Leader, 97 NY2d at 105-106).
To demonstrate good cause, a plaintiff must show that reasonable diligence was exercised in attempting to timely serve a defendant (Leader 97 NY2d at 105). "While 'good cause' requires a showing of reasonable diligence, 'the interest of justice' standard has a broader scope, which can encompass late service due to mistake, confusion or oversight, so long as there is no prejudice to the defendant" (Matter of Baumann & Sons Buses, Inc. v Ossining Union Free Sch. Dist., 121 AD3d 1110, 1113 [1st Dept 2014], quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105 [2001]; see also Nicodene v Byblos Restaurant, Inc., 98 AD3d 445 [1st Dept 2012]; Henneberry v Borstein, 91 AD3d 493 [1st Dept 2012]). The interest of justice standard does not require diligent attempts at service as a threshold matter (id.; Matter of Jordan v City of New York, 38 AD3d 336, 339 [1st Dept 2007]).
In the court's discretion, and in the interest of justice, based on the facts and circumstances of this case, plaintiff's motion for an extension of time to serve defendants Knights Genesis and Vincent is granted. Over a year has passed since the commencement of this case, but it does not appear that the parties have engaged in substantial discovery. Plaintiff has a meritorious claim, and the court can discern no prejudice that defendants would suffer as a consequence of plaintiff being granted additional time to serve (cf. Cronan v Peters, 2019 NY Slip Op 33215[U], **6 [Sup Ct, NY County 2019]).
Plaintiff's request for leave to utilize alternate service upon defendants, however, is denied. CPLR 308 (5) provides for alternative methods of service of process to be set by the court, in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of the same section. Plaintiff has failed to proffer sufficient evidence to permit the court to conclude that routine service under CPLR 308 (1), (2), or (4) is impracticable. Plaintiff has shown, on the other hand, that it was able to serve the individual defendants within the 120-day period  albeit defectively  and defendants, here, have failed to proffer sufficient evidence to make a showing of prejudice. Therefore, in the interest of justice, the court will exercise its discretion and grant plaintiff's motion for an extension of time to effect proper service of the summons and complaint (see Leader v Maroney, Ponzini & Spencer, 276 AD2d 194 [2nd Dept 2000]).
Inasmuch as plaintiff filed a motion for default as against defendants Chen and Yuan (motion sequences 009 and 011), plaintiff represented necessarily that both defendants, since the filing of the instant motion, have, in fact, been served. Consequentially, that portion of plaintiff's motion that seeks an extension of service and alternative service as to those defendants is denied as moot.
[*3]Default Judgment
In motion sequence 011, plaintiff moves, for the second time, for an order granting default judgment against defendants Yuan and Chen. On an application for a default judgment, pursuant to CPLR 3215, the plaintiff must submit "proof of service of the summons and the complaint[,] . . . proof of the facts constituting the claim, [and] the default" (CPLR 3215[f]). Upon default, "a defendant admits all traversable allegations contained in the complaint, and thus concedes liability, although not damages" (HF Mgt. Servs. LLC v Dependable Care, LLC, 198 AD3d 457, 458 [1st Dept 2021] [internal quotation marks and citation omitted]; Petty v Law Off. of Robert P. Santoriella, P.C., 200 AD3d 621, 621 [1st Dept 2021] [while plaintiff must submit proof of prima facie viability of its claims, "the standard of proof is minimal"] [internal quotation marks and citation omitted]). 
According to the submitted affidavits of service and affirmation in support (NYSCEF doc. nos. 192 and 194), plaintiff alleges that service was properly effectuated on defendant Yuan by hand delivery and his usual place of abode on May 15, 2021, and by mail on May 18, 2021. An affidavit of service reflecting sufficient service on Yuan was filed on June 2, 2021 (NYSCEF doc. no. 194). Service was effectuated on defendant Chen on May 17, 2021 by hand delivery at his usual place of abode, and by mail on May 18, 2021. The affidavit reflecting service upon Chen was filed on June 2, 2021 (NYSCEF doc. no. 195). Additionally, plaintiff purportedly served Chen at two addresses in China through the Hague Convention on November 9, 2021 (NYSCEF doc. no. 196).
The affidavits submitted in support of plaintiff's default application comply with the terms of CPLR §308(2). Plaintiff has demonstrated that it served defendants with the summons and complaint and that defendant's time to answer or appear in the action has expired. 
With respect to the merits of the claim, plaintiff submits the affirmation of Chan Pui Ying (Ying), the authorized signatory for Dragons 516 Limited (NYSCEF doc. no. 200). Ying avers that he has personal knowledge of the allegations asserted against defendants Yuan and Chen and affirms that at a May 23, 2017 meeting Yuan and Chen represented that a loan from Dragons to GDC SPV would be used to finance the acquisition of certain interests. He further affirms that Yuan and Chen made additional representations regarding the use of the loan that were purportedly false, which compelled plaintiff to enter a facility and lending agreement with defendant GDC for $30 million (NYSCEF doc. no. 200, pg.7). Ying submits that, within days of the $30 million transfer, the money left the depository account and was purportedly transferred to an account owned by defendant Knights Genesis (NYSCEF doc. no. 200, pg. 12). Default on the facility/lending agreement occurred, the money was allegedly never used to purchase the interests as intended, and Ying affirms that the entire $30 million balance is currently owed to plaintiff (NYSCEF doc. no. 200, para 74). Ying's affirmation confirmed that he understood that his statements were made under penalty of perjury (NYCEF doc. no. 200, para. 76) and affixed a certificate of conformity by Hong Kong Solicitor Yu Man Lai. Ying's affirmation meets the requirements of both CPLR §2106 (b) and 2309 (c).[FN2]

Here, plaintiff has demonstrated the merits of its claim with proper proof. Plaintiff submitted proof of the service of the summons and complaint, provided sufficient proof of the facts constituting the claim, and proof of defendant Yuan and Chen's default (Triangle Properties 2, LLC v Narang, 73 AD3d 1030, 1032 [2nd Dept 2010]). Where a plaintiff succeeds in establishing that a defendant is in default, the defendant must come forward with a reasonable excuse for the default and must demonstrate a meritorious defense to the action to avoid the entry of a default judgment (id. citing, Baldwin v Mateogarcia, 57 AD3d 594 (2nd Dept 2008); CPLR 5015[a][1]). No opposition to motion sequence number 011 was filed. Accordingly, plaintiff's motion for default judgment as to defendant Yuan is granted.
However, following the filing of motion sequence 011, Cary B. Samowitz, Esq., counsel for defendant Chen, filed a proposed order to show cause seeking an extension of time to respond to plaintiff's default motion (NYSCEF doc. no. 214). Counsel submits that Chen is ready, willing, and able to respond to plaintiff's request for default, and has viable defenses to the allegations of the complaint (NYSCEF doc. no. 215, para 4).
Pursuant to CPLR 2004:
"Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed."
Pursuant to CPLR 3012 (d):
"Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default."
There is a strong public policy favoring the resolution of actions on their merits, and where a defendant can establish a meritorious defense and a lack of willfulness to default in an action, and the absence of prejudice to the plaintiff, the court will provide an opportunity to a litigant to participate in the action (Robles v Grace Episcopal Church, 192 AD2d 515 [2nd Dept 1993][the court upheld the vacating of a default order in view of the absence of any prejudice to the plaintiff, the existence of a possible meritorious defense, the lack of willfulness on the part of the defendant, and the public policy in favor of resolving cases on the merits]).
Accordingly, it is hereby
ORDERED that plaintiff's motion seeking an order to extend the time to effectuate service of process upon defendants Knights Genesis Investment Limited and Qianyi (Vincent) Xie (motion seq. no. 004) is granted; and it is further
ORDERED that the portion of plaintiff's motion seeking an order to extend the time to effectuate service of process upon defendants Dunfei (William) Chen and Jincheng (Jason) Yuan [*4](motion seq. no. 004) is denied as moot; and it is further
ORDERED that plaintiff shall have an additional ninety (90) days from the date of entry of this order to personally serve the summons and complaint upon defendants Knights Genesis Investment Limited and Qianyi (Vincent) Xie; and it is further
ORDERED that plaintiff's motion seeking an order to direct an alternative method of service of process upon defendants Knights Genesis Investment Limited and Qianyi (Vincent) Xie (motion seq. no. 005) is denied; and it is further
ORDERED that the portion of plaintiff's motion seeking an order to direct an alternative method of service of process upon defendants Dunfei (William) Chen and Jincheng (Jason) Yuan (motion seq. no. 005) is denied as moot; and it is further
ORDERED that plaintiff's motion for default judgment against defendant Jincheng (Jason) Yuan (motion seq. no. 011) is granted; and it is further
ORDERED that plaintiff's motion for default judgment against defendant Dunfei (William) Chen (motion seq. no. 011) is denied; and it is further
ORDERED that defendant Chen shall answer or otherwise respond to plaintiff's summons and complaint (NYSCEF doc. no. 193) within twenty (20) days from the date of service of this order with notice of entry; and it is further
ORDERED that counsel are directed to appear for a virtual preliminary conference on April 6, 2023 at 10:30 a.m.

DATE 03/01/2023
ROBERT R. REED, J.S.C.

Footnotes

Footnote 1: CPLR § 2005 further provides that, when the requirements of CPLR § 3012 (d) are satisfied, "the court shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay or default resulting from law office failure."
Footnote 2: CPLR 2106 requires that any person physically located outside the geographic boundaries of the United States affirm that his statements are made under penalty of perjury with the understanding that said document may be filed in a proceeding in a court of law. An affirmation that complies with this rule has the same force and effect as an affidavit (CPLR 2106[b]). CPLR 2309 (c) requires that any affirmation taken without the state shall be treated as if taken within the state if accompanied by a certificate by the officer who administered the oath.