Zantaz Enter. Archive Solution, LLC v Adecco IT Servs., Inc. (2023 NY Slip Op 50725(U))

[*1]

Zantaz Enter. Archive Solution, LLC v Adecco IT Servs., Inc.

2023 NY Slip Op 50725(U)

Decided on July 17, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 17, 2023
Supreme Court, New York County

Zantaz Enterprise Archive Solution, LLC FKA Capax Discovery, LLC, Plaintiff,

against
Adecco IT Services, Inc., ADECCO I.T. SERVICES, ADECCO I.T. SERVICES SASU, ADECCO FRANCE SASU, Defendant.

Index No. 656419/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 15 were read on this motion for ALTERNATE SERVICE.
In this action for breach of contract, plaintiff seeks permission to extend its time for service of process under CPLR 306-b upon all defendants as well as permission to serve process in an alternative manner as set forth in CPLR 311 (b). There is no opposition to this motion.
Plaintiff commenced this action by filing the summons and complaint on or about May 23, 2022. According to the affirmation in support of the motion, Robert E. Gallagher , Jr., Esq., plaintiff's counsel, states that service was attempted at the last known corporate addresses that he "had researched and located based on a thorough investigation" (plaintiff aff in supp, ¶ 5). The address of the defendants for purposes of service, set forth in the subject agreement between the parties, was "Boulevard Vivier Merle 83-85, Lyon, France" (id., ¶ 8). Plaintiff attempted service at this address but was not successful. Plaintiff then hired a process server who attempted to effectuate service at a minimum of "four different addresses listed upon the summons" (id., ¶ 9). Plaintiff remains uncertain about the success of these service attempts as "service at two of the addresses resulted in returned and unsigned Registered mailing cards, and as yet unclaimed mailings . . .and two of the addressed [sic] resulted in a lack of returned Registered Mailing cards, despite the fact that defendant was served by way of the Secretary of State" (id., ¶ 12).
Plaintiff's counsel affirms that he engaged in significant correspondence with members and employees of defendants, "whose primary office address was an address different altogether from the ones your affiant attempted service upon" (id., ¶ 23). According to plaintiff's counsel, plaintiff communicated with Jules Morin, Senior Procurement Manager EMEA, IM Procurement, Adecco Group, 2, Boulevard du 11 Novembre 1918, 69616 Villeurbanne Cedex, France and whose email address was jules.morin&commat;adecco.com" (id., ¶ 24).
Attached to counsel's affirmation in support of the motion are the affidavit of service [*2]attempted upon Adecco I.T. Services and Adecco I.T. Services SASU, both of which were unsuccessful.
Plaintiff seeks an order directing service upon Mr. Morin at the address and email provided in the affirmation, and set forth above, as alternative service under the CPLR and seeks to extend the time for service.
CPLR 306-b permits the court to extend the time for service "upon good cause shown or in the interest of justice." The determination concerning whether to extend the time for service "is a matter within the court's discretion" (Dragons 516 Ltd v Knights Genesis Inv. Ltd., 78 Misc 3d 1203 (A), 2013NY Slip Op 50146(U), *2 [Sup Ct, NY County 2023][internal quotation marks and citation omitted]). In order to make this determination, a court may consider: "diligence, or lack thereof, along with any other relevant factor in making its determination, including the expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of plaintiff's request for the extension of time and prejudice to the defendant" (id. [internal quotation marks and citation omitted]).
Pursuant to CPLR 311 (b),
"if service upon a domestic or foreign corporation within the one hundred twenty days allowed by section [306-b] of this article is impracticable under paragraph one of subdivision (a) of this section or any other law, service upon the corporation may be made in such manner, and proof of service may take such form, as the court, upon motion without notice, directs."
The court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including the expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101, 105 [2001]).
To demonstrate good cause, a plaintiff must show that reasonable diligence was exercised in attempting to timely serve a defendant (Leader, 97 NY2d at 105-106). "While 'good cause' requires a showing of reasonable diligence, 'the interest of justice' standard has a broader scope, which can encompass late service due to mistake, confusion or oversight, so long as there is no prejudice to the defendant" (Matter of Baumann & Sons Buses, Inc. v Ossining Union Free Sch. Dist., 121 AD3d 1110, 1113 [1st Dept 2014], quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105 [2001]; see also Nicodene v Byblos Restaurant, Inc., 98 AD3d 445 [1st Dept 2012]; Henneberry v Borstein, 91 AD3d 493 [1st Dept 2012]). The interest of justice standard does not require diligent attempts at service as a threshold matter (id.; Matter of Jordan v City of New York, 38 AD3d 336, 339 [1st Dept 2007]).
In the court's discretion, and in the interest of justice, based on the facts and circumstances of this case, plaintiff's motion for an extension of time to serve defendants is granted. Over a year has passed since the commencement of this action in May 2022, and plaintiff has established its diligence in attempting service since that time and this motion was filed promptly in December 2022. Plaintiff has a meritorious claim, and the court can discern no prejudice that defendants would suffer as a consequence of plaintiff being granted additional time to serve (cf. Cronan v Peters, 2019 NY Slip Op 33215[U], **6 [Sup Ct, NY County 2019]).
Plaintiff's request for leave to utilize alternate service upon defendants, pursuant to CPLR 311 (b), is also granted. Plaintiff has, by counsel's affirmation, established the impracticability of [*3]service pursuant to CPLR 306-a. The court permits plaintiff to attempt service upon defendants, by registered mail and email, in accordance with the terms of the Hague Convention (Low v Bayerische Motoren Werke, 88 AD2d 504, 505 [1st Dept 1982]["Article 10 [of the Hague Convention] permits service of process by mail directly to the person abroad provided that the State of designation does not object in its ratification to such service"]).
Accordingly, it is hereby
ORDERED that plaintiff's motion to extend its time for service of process and serve by alternative means pursuant to CPLR 311 upon all defendants is granted.
DATE 7/17/2023
ROBERT R. REED, J.S.C.