■ SAMUEL RICHARDSON et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [619 NYS2d 711] —Order of the Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on July 15, 1993, which denied plaintiffs' motion for leave to serve a late notice of claim, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion is granted, without costs or disbursements.

Plaintiff Samuel Richardson was injured on September 8, 1992 when a bus, in which he was a passenger, stopped abruptly propelling him to the floor. Plaintiff informed the bus driver who gave him her badge number. Two months after the accident, the plaintiff sent defendant Manhattan and Bronx Surface Transit Operating Authority an application for no-fault benefits. This application provided the date, time and place of the accident and a brief description of how it oc-

curred. Annexed to this application was a medical report noting the plaintiff was suffering from a herniated disk.

In March of 1993, approximately six and one half months after the accident, the plaintiffs moved for leave to file a late notice of claim and the IAS Court denied the motion, finding that the no-fault application by the plaintiff was insufficient to satisfy the notice of claim requirements of Public Authorities Law § 1212.

We find that the denial of the motion was an abuse of discretion. While the no-fault application alone did not satisfy the notice requirements of Public Authorities Law § 1212, plaintiffs' motion was brought well within the one year and ninety day period mandated by that statute. Therefore, the IAS Court erred in not correctly determining whether the notice complied with General Municipal Law § 50-e (5).

General Municipal Law § 50-e (5) deals with applications for leave to serve a late notice of claim. The pertinent factors the court must consider in determining whether to grant an extension of the ninety day period *(see,* § 50-e [5]), include, *inter alia,* "whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter * * * and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits".

In this case, the no-fault claim was filed by plaintiff *within* the ninety day period mandated by subdivision (1) of section 50-e. In addition, the no-fault application and the annexed medical report contained all of "the essential facts constituting the claim". Further, while the public corporation herein acquired actual knowledge of the facts constituting the claim within the ninety day period after the accident, there was no showing that "the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits".

While the IAS Court found that plaintiffs did not have a "reasonable" excuse for failing to file the notice of claim in a timely manner, this failure "is without significance given the existence of actual notice and the city's failure to show substantial prejudice by the late notice" *(Matter of Gerzel v City of New York,* 117 AD2d 549, 551). Concur—Ellerin, J. P., Kupferman, Asch, Nardelli and Tom, JJ.