■ KARL DAVIS, Respondent, v ISAACSON, ROBUSTELLI, FOX, FINE, GRECO & FOGELGAREN, P. C., et al., Appellants, et al., Defendants. [726 NYS2d 86] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 19, 2000, which, to the extent appealed from as limited by the brief, denied defendants-appellants' motion for summary judgment, unanimously affirmed, without costs.

Plaintiff commenced this action to recover for legal malpractice, alleging, *inter alia*, that defendant-appellant attorneys, retained by him in the aftermath of his injury in a construction site accident, failed timely to commence an action to recover for his harm upon Labor Law or common-law theories. Defendants-appellants' motion for summary judgment was properly denied since their showing in support of summary adjudication failed to establish their entitlement to judgment as a matter of law (*see, Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 140). Material issues of fact precluding an award of summary judgment to appellants remain, including whether there was a general contractor that would have been strictly liable to plaintiff under the Labor Law (*see, Russin v Picciano & Son*, 54 NY2d 311, 316), whether the Industrial Development Agency that owned the work site where the accident occurred would have been considered a non-owner for Labor Law purposes as a matter of law in 1989 (*cf., Collins v County of Monroe Indus. Dev. Agency*, 167 AD2d

914, *appeal dismissed* 77 NY2d 874), and whether discretionary leave to file a late notice of claim against that agency would have been available (*see, Perry v City of New York*, 133 AD2d 692, 693). Appellants have likewise failed to demonstrate the absence of issues of fact against defendant successor law firm. Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Marlow, JJ.