■ MAURICE HARRIS et al., Appellants, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [747 NYS2d 4]

The motion court properly exercised its discretion in denying plaintiffs' motion for leave to file a notice of claim some four weeks after expiration of the applicable 90-day deadline (General Municipal Law § 50-e [1] [a]). Although a causal nexus between infancy and late filing need no longer be shown (*Ali v Bunny Realty Corp.*, 253 AD2d 356, 357), plaintiffs acknowledge on this appeal that neither infancy alone (*see, Matter of Bagnasco v Suffolk County Water Auth.*, 272 AD2d 611; *Rogers v City of Yonkers*, 271 AD2d 593) nor ignorance of the law (*Matter of Embery v City of New York*, 250 AD2d 611; *Gaudio v City of New York*, 235 AD2d 228) provides a sufficient excuse for failure to file a timely notice of claim. While the lack of a reasonable excuse for the delay is not of itself fatal (*see, Weiss*

*v City of New York*, 237 AD2d 212, 213), plaintiffs have failed to meet their burden with respect to two other factors—some prior actual notice and the absence of prejudice—which would be relevant in condoning the lack of reasonable excuse (*id.; see also, Richardson v New York City Tr. Auth.*, 210 AD2d 38, 39). They do not allege that the infant's accident was ever previously reported, and it is undisputed that defendant Transit Authority did not receive notice of facts underlying the claim until the filing of the instant motion. In these circumstances, "[t]he unexcused delay in serving a notice of claim and the passage of time has deprived the City of the opportunity to find witnesses promptly or otherwise conduct a timely and meaningful investigation, especially given the transitory nature of the defect" (*Matter of Embery v City of New York, supra* at 611).

Contrary to plaintiffs' argument, the transitory nature of the defective condition asserted in the proposed notice of claim here ("a liquid substance, dirt and debris on the stairway") does not preclude the accrual of prejudice to defendants. Rather, it is a factor to be considered. Even where a municipal defendant has received some form of actual notice within the 90-day period, its claim of prejudice may be rebutted by the transitory nature of the condition, i.e., that timely notice of claim would make no difference (*see, e.g., Gamoneda v New York City Bd. of Educ.*, 259 AD2d 348; *Seise v City of New York*, 212 AD2d 467, 469). Where, however, there is neither notice nor a reasonable excuse, the transitory nature of the defective condition weighs against the granting of an application to file a late notice of claim (*see, e.g., Johnson v Katonah-Lewisboro School Dist.*, 285 AD2d 490; *Matter of Embery v City of New York, supra*). Furthermore, the flaw in plaintiffs' argument is that defendants' prompt investigation rights are not restricted to minute examination of the transitory condition. Since the gravamen of the claim is defendants' breach of a duty of care, they were prejudiced by delay of the opportunity to search for witnesses either to the accident itself or to those knowledgeable about the maintenance procedures in place immediately prior thereto.

*Matter of Strauss v New York City Tr. Auth.* (195 AD2d 322) and *Matter of Ferrer v City of New York* (172 AD2d 240), cited by plaintiffs, are distinguishable. The claimants in those cases had a reasonable excuse for the delay, in that they suffered disabling injuries; moreover, the defendants there received actual notice of the essential facts giving rise to the claim. *Matter of Harris v Dormitory Auth. of State of N.Y.* (168 AD2d 560) is also inapposite; the rationale there rested on an excus-

able confusion as to the proper governmental entity to be served with the notice of claim, a ground particularly mentioned as exculpatory by the applicable statute.

In response to the dissent, we would note our disagreement with the "finding" that the delay here is "reasonable in the circumstances." The "plain language" of General Municipal Law § 50-e (5) does not provide a basis for judicial "reasonableness" as a basis for relief from late filing of a notice of claim. The reasonableness referred to is linked to consideration of whether the defendant public corporation acquired *actual notice* within a reasonable time, wholly apart from the notice of claim. It is undisputed that no form of actual notice occurred here.

The dissent's invocation of *Henry v City of New York* (94 NY2d 275) is misplaced. In that case, the Court of Appeals held that once a timely notice of claim against a municipality is served under General Municipal Law § 50-e, any delay by a guardian or legal representative in timely commencing within the one-year-and-90-day limitation period imposed by General Municipal Law § 50-i would not bar the action, because CPLR 208 (the infancy toll) would operate to preserve the infant's rights. In our view, the policy considerations involved in tolling an infant's *action* (otherwise barred by the statute of limitations) are quite different from those requiring prompt *notice of claim*. We are not cited to any case where an infancy toll was applied to relieve the claimants of pre-action notice of claim. Equally compelling is the fact that none of the parties ever raised this argument either in prior proceedings or on appeal. Concur—Tom, J.P., Sullivan, Wallach and Marlow, JJ.

Mazzarelli, J., dissents in part in a memorandum as follows: I would modify the order appealed from to grant plaintiffs' motion for leave to file a late notice of claim with respect to the infant plaintiff's claim, and otherwise affirm.

General Municipal Law § 50-e (5) provides as follows:

"Upon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one. The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation. In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual notice of the essential facts constituting the claim within the time specified in subdivision one *or within a reasonable time thereafter*. The court shall also consider all other relevant facts and circumstances, including: *whether the*

*claimant was an infant,* or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; * * * and whether the delay in serving the notice of claim *substantially prejudiced the public corporation in maintaining its defense on the merits"* (emphasis supplied). Applying the plain language of the statute to the facts presented, I would find that it was an improvident exercise of the trial court's discretion to have denied the infant plaintiff leave to file a late notice of claim. First, General Municipal Law § 50-e explicitly provides for consideration of the fact that an infant is involved in the lawsuit, presumably affording leeway in a case where the injured plaintiff has diminished capacity. Second, the parties agree that the infant's representative made its motion within a month of the statutory deadline, a delay I would find reasonable in the circumstances. Third, given the extremely transitory nature of the hazard which caused plaintiff's injuries, "a liquid substance, dirt and debris on a stairway," I see no appreciable difference in the investigatory options available to defendant between the 90-day deadline and the month subsequent thereto.

In *Henry v City of New York* (94 NY2d 275), the Court of Appeals addressed the plight of two infant plaintiffs who were fortunate to have a representative who could provide greater protection of their rights than plaintiff in our case enjoyed, one who timely filed a notice of claim pursuant to General Municipal Law § 50-e. The decision in *Henry* addressed the issue of that representative's failure to subsequently commence the action within the applicable statute of limitations. The Court concluded: "Infant plaintiffs should not be penalized by a parent's compliance with General Municipal Law § 50-e in an effort to protect a right to recovery. Infancy itself, the state of being 'a person [under] the age of eighteen' (CPLR 105 [j]), is the disability that determines the toll. An interpretation of the infancy toll which measures the time period of infancy based on the conduct of the infant's parent or guardian cuts against the strong public policy of protecting those who are disabled because of their age (*see, Valdimer v Mount Vernon Hebrew Camps,* 9 NY2d 21, 25; *see also,* CPLR art 12). Because plaintiffs here were under the age of 18 when their causes of action accrued, they are entitled to the benefit of the infancy toll, and their claims against the City are not time-barred." (*Henry, supra* at 283.) In the circumstances presented, it is my position that the same policy considerations which militated against penalizing the infant for his representative's untimely filing of the complaint

in *Henry* warrant excusing this infant plaintiff from the negative repercussions of his representative's marginally untimely filing of a notice of claim (*see, Rodriguez v New York City Health & Hosps. Corp.*, 270 AD2d 110 [analogizing *Henry* in a late notice of claim case]). On the issue of prejudice, the hazardous area was presumably removed within 90 days of the accident, if not sooner, and it was no more likely that defendants would be prejudiced by allowing plaintiff the extra month to file a notice of claim (*see, Matter of Ferrer v City of New York*, 172 AD2d 240; *Matter of Harris v Dormitory Auth. of State of N.Y.*, 168 AD2d 560).