■ KANAGARAJ PANDIAN, M.D., Appellant, v NEW YORK HEALTH AND HOSPITALS CORPORATION et al., Respondents. [863 NYS2d 668]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about November 2, 2006, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff, an anesthesiology resident in defendant Medical College, received negative performance evaluations both before and after an incident in which he was reported to have fallen asleep during surgery. The parties orally agreed that plaintiff would resign in exchange for withdrawal of disciplinary charges against him, and a promise of a "neutral" reference in the event of an employment or other residency inquiry.

Plaintiff's contract claim nowhere alleged that defendants agreed not to mention the incident in the evaluations they sent to the American Board of Anesthesiologists. Indeed, since the Medical College was required to provide evaluations to the Board in order to ensure the competency of anesthesiologists, an agreement such as that advocated by plaintiff would be against public policy and would subvert the purpose of evaluat-

ing residents. Furthermore, plaintiff has not shown damages; he has not been denied employment or a medical license because of the negative evaluation, and only speculates that such would be the case. The claim was also barred by the statute of frauds, which requires a writing where a contract, by its terms, "is not to be performed within one year from the making thereof" (General Obligations Law § 5-701 [a] [1]).

The defamation claim failed to demonstrate a triable issue of fact as to whether defendants were motivated by actual malice in making the negative statements in plaintiff's evaluations (*see Kasachkoff v City of New York*, 107 AD2d 130 [1985], *affd* 68 NY2d 654 [1986]). The prima facie tort claim failed to raise an issue of fact as to whether malevolence was the sole motive for defendants' otherwise lawful act (*see Slifer-Weickel, Inc. v Meteor Skelly*, 140 AD2d 320, 322-323 [1988]). The claim for interference with prospective economic advantage failed to allege a motive of malice or the infliction of injury by unlawful means other than self-interest or other economic considerations (*see Matter of Entertainment Partners Group v Davis*, 198 AD2d 63, 64 [1993]). Plaintiff similarly failed to demonstrate conduct so outrageous in character, and so extreme in degree, as to constitute intentional infliction of emotional distress (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293 [1983]). The allegations against Dr. Frost were unsubstantiated and belied by the record.

Finally, we reject the contention that the court should have dismissed defendants' motion for failure to annex their answer to the initial moving papers, inasmuch as the responsive pleading was attached to the reply papers (*see Welch v Hauck*, 18 AD3d 1096, 1098 [2005], *lv denied* 5 NY3d 708 [2005]). Concur—Gonzalez, J.P., Buckley, Moskowitz, Renwick and DeGrasse, JJ.