■ In the Matter of JACQUELINE LOPEZ, Appellant, v CITY OF NEW YORK, Respondent. [959 NYS2d 694]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered July 26, 2012, which denied petitioner's application for leave to file a late notice of claim, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the application granted.

Petitioner was in a motor vehicle accident while she was a passenger in a Police Department vehicle owned by respondent City of New York. The Police Department conducted a prompt investigation into the accident, and petitioner was examined by a Police Department physician shortly thereafter. Thus, the overall circumstances support the inference that respondent had actual notice of the claim within 90 days of its accrual (*see Matter of Gerzel v City of New York*, 117 AD2d 549, 550-551 [1st Dept 1986]) and respondent failed to rebut petitioner's demonstration of the absence of prejudice. Its conclusory assertions of prejudice, based solely on the delay in serving the notice of claim, are insufficient (*see Perez v New York City Health & Hosps. Corp.*, 81 AD3d 448, 449 [1st Dept 2011]; *Matter of Ansong v City of New York*, 308 AD2d 333, 334 [1st Dept 2003]).

Given respondent's actual knowledge, within a reasonable time after the accident, of the essential facts underlying petitioner's claim and the lack of prejudice, petitioner's unexplained delay in seeking leave to serve a late notice of claim is of minimal significance (*see Bertone Commissioning v City of New York*, 27 AD3d 222, 222-224 [1st Dept 2006]; *Richardson v New York City Tr. Auth.*, 210 AD2d 38 [1st Dept 1994]). Concur—Mazzarelli, J.P., Acosta, Freedman, Richter and Gische, JJ.