Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered August 5, 2011, which denied plaintiffs application seeking leave to file a late notice of claim, and order, same court (Arthur Engoron, J.), entered January 9, 2012, which granted defendant’s motion to dismiss the complaint for failure to file a timely notice of claim, unanimously affirmed, without costs.
*468 The court properly exercised its discretion by denying plaintiffs application, given that plaintiff failed to offer a reasonable excuse for the delay, does not contest that the City acquired no knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and failed to demonstrate that the City suffered no substantial prejudice (see General Municipal Law § 50-e [5]; see generally Matter of Strauss v New York City Tr. Auth., 195 AD2d 322, 322 [1st Dept 1993]). Where, as here, there is no reasonable excuse for the delay and the City did not acquire actual knowledge of the essential facts within the 90-day period, or a reasonable time thereafter, “the transitory nature of the defective condition weighs against the granting of an application to file a late notice of claim” (Harris v City of New York, 297 AD2d 473, 474 [1st Dept 2002], lv denied 99 NY2d 503 [2002]). Moreover, plaintiffs 14-month delay in seeking to file a notice of claim deprived the City of a reasonable opportunity to locate witnesses (see Zarrello v City of New York, 61 NY2d 628, 630 [1983]; Ordillas v MTA N.Y. City Tr., 50 AD3d 391, 392 [1st Dept 2008]).
Concur—Mazzarelli, J.E, Acosta, Renwick, Richter and Gische, JJ.