■ Anthony Colarossi, Respondent, v City of New York et al., Appellants. [989 NYS2d 24]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered June 21, 2013, which granted plaintiff's motion for leave to serve a late notice of claim, unanimously reversed, on the law, without costs, and the motion denied.

The court improvidently exercised its discretion in granting plaintiff's motion. Plaintiff's excuse of law office failure is not a reasonable excuse for failing to timely serve a notice of claim (*see Walker v City of New York*, 46 AD3d 278, 281 [1st Dept 2007]). Although the failure to proffer a reasonable excuse is not alone fatal to a motion for leave to serve a late notice, plaintiff also failed to show that defendants (City) acquired actual notice of the essential facts within 90 days after the claim arose or a reasonable time thereafter (*see Harris v City of New York*, 297 AD2d 473, 474 [1st Dept 2002], *lv denied* 99 NY2d 503 [2002]).

Plaintiff's Workers' Compensation Board form dated May 2, 2011 (C-3 form) appears to have been prepared by plaintiff's employer, and there is no evidence that plaintiff's employer was acting as an agent of the City when it reported the accident to its workers' compensation carrier (*see Mehra v City of New York*, 112 AD3d 417 [1st Dept 2013]). Even if plaintiff's employer was acting as an agent of the City and the City received the C-3 form, the form fails to provide the City with actual notice because it fails to connect the incident to any claim against the City.

The C-3 form states that plaintiff injured his right knee while working at Randall's Island after his jackhammer "kicked" him

back causing him to step on a rock. However, the C-3 form makes no mention of plaintiff's present claim that the City caused his injury by allowing the bottom of a sewage tank at Wards Island to have an uncovered hole that contained rocks and other debris (*see Matter of Casale v City of New York*, 95 AD3d 744, 745 [1st Dept 2012]).

Plaintiff also failed to demonstrate that the City has not been prejudiced by the year-and-90-day delay given the transitory nature of the alleged defective condition (*see McClatchie v City of New York*, 105 AD3d 467 [1st Dept 2013]). Concur—Sweeny, J.P., Renwick, Andrias, Saxe and Kapnick, JJ. ▮