■ In the Matter of Richard Strohmeier et al., Respondents,
v Metropolitan Transportation Authority et al., Appellants.
[993 NYS2d 888]—

Order, Supreme Court, New York County (Geoffrey D. Wright,
J.), entered May 16, 2013, which, to the extent appealed from as
limited by the briefs, granted petitioners' motion for leave to
serve a late notice of claim, unanimously reversed, on the law
and the facts, without costs, and the motion denied. The Clerk
is directed to enter judgment dismissing the complaint.

The court improvidently exercised its discretion in granting
petitioners' motion. While petitioners' failure to proffer any
excuse for the delay in serving a notice of claim is not alone
fatal to their motion (*see Matter of Semyonova v New York City
Hous. Auth.*, 15 AD3d 181, 182 [1st Dept 2005]), they also failed
to demonstrate the absence of prejudice, or that respondents or
respondents' insurance carrier acquired actual notice of the es-
sential facts constituting the claim within 90 days after the
claim arose (*see id.*). Petitioners' workers' compensation docu-
ments did not give respondents' insurance carrier actual knowl-
edge of the claim, as the documents do not set forth essential
facts constituting the claim, such as the correct borough, the lo-
cation and cause of the accident (*see Matter of Brennan v Metro-
politan Transp. Auth.*, 110 AD3d 437, 437 [1st Dept 2013]; *Alex-
ander v City of New York*, 2 AD3d 332 [1st Dept 2003]; *Matter of
Casale v City of New York*, 95 AD3d 744, 745 [1st Dept 2012]).
Since there is no reasonable excuse for the delay, and respon-
dents did not acquire actual knowledge of the essential facts
within the 90-day period, or a reasonable time thereafter, the al-
leged transitory nature of the defective condition weighs against
granting petitioners' application (*see McClatchie v City of New
York*, 105 AD3d 467, 468 [1st Dept 2013]). Further, the delay
prejudiced respondents' ability to search for witnesses to the ac-
cident and related circumstances (*see Harris v City of New York*,
297 AD2d 473, 474 [1st Dept 2002], *lv denied* 99 NY2d 503
[2002]). Concur—Tom, J.P., Renwick, Moskowitz, Richter and
Kapnick, JJ.