■ Marianne Ramade, Appellant, v C.B. Contracting Corp., Defendant, and ECCO Development LLC et al., Respondents/Third-Party Plaintiffs-Respondents. Welsbach Electric Corp., Third-Party Defendant-Respondent. [8 NYS3d 284]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered October 15, 2013, which, insofar as appealed from as limited by the briefs, granted defendants ECCO Development LLC, ECCO III Enterprises, Inc., ECCO III Development, Inc., Skanska USA Civil Northeast Inc., and Skanska Koch Inc.'s (collectively, SEW) motion for summary judgment dismissing the Labor Law §§ 241 (6) and 200 and common-law negligence claims as against them, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff was injured when she tripped and fell on a piece of rebar protruding from an unfinished concrete floor at a construction site. Her employer, third-party defendant Welsbach Electric Corp., had entered into a prime contract with the New York City Department of Environmental Protec-

tion (DEP) to perform electrical work on the project. Defendant SEW, which had a separate prime contract with DEP to furnish all labor and materials for structures and equipment, subcontracted with Welsbach for certain electrical work and with defendant C.B. Contracting for the installation of rebar.

The motion court did not abuse its discretion by considering the answers of codefendants Emcor and C.B. Contracting, since SEW cured the deficiency in its motion papers by submitting the answers in its reply papers (*see Pandian v New York Health & Hosps. Corp.*, 54 AD3d 590, 591 [1st Dept 2008]; CPLR 3212 [b]). Contrary to plaintiff's contention, the contracts submitted by SEW were properly authenticated as accurate reproductions made during the regular course of business by an affidavit of its claims manager, Kathleen Kaval.

SEW failed to establish prima facie that it cannot be held liable for plaintiff's injuries under Labor Law § 200 and in common-law negligence. SEW was unable to demonstrate that it did not have the authority to control and direct the injury-producing rebar installation work (*see e.g. Dalanna v City of New York*, 308 AD2d 400, 400 [1st Dept 2003]). While SEW submitted portions of the prime contract between SEW and DEP, those portions do not set forth the complete obligations under that contract. Further, SEW did not produce the contract between it and C.B. Contracting, which purportedly details its obligations toward the rebar installation work. As such, issues of fact exist whether SEW had the requisite authority to control and direct the method and manner of C.B. Contracting's rebar installation work (*see Hughes v Tishman Constr. Corp.*, 40 AD3d 305 [1st Dept 2007]). Issues of fact also exist as to SEW's responsibility to cap the subject piece of rebar (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]).

SEW failed to establish prima facie that it cannot be held liable for plaintiff's injuries under Labor Law § 241 (6), predicated on an alleged violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (2). SEW failed to demonstrate that it was not a general contractor that owed a nondelegable duty to provide reasonable and adequate protection and safety to persons employed at the work site, as opposed to a mere prime contractor (*see Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 300-301 [1978]). Nor did it demonstrate that it was not a statutory agent, having been given the authority to supervise and control the work giving rise to plaintiff's injuries (*see Russin*, 54 NY2d at 318; *Nascimento v Bridgehampton Constr. Corp.*, 86 AD3d 189, 192-193 [1st Dept 2011]). Concur—Mazzarelli, J.P., Renwick, DeGrasse, Richter and Clark, JJ.