■ In the Matter of Jose Fernandez, Appellant, v City of New York, Respondent. [15 NYS3d 166]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Landicino, J.), dated June 17, 2013, which denied the petition.

Ordered that the order is affirmed, with costs.

In determining whether to extend the time to serve a notice of claim, the court must consider " 'whether the public corpora-

tion acquired actual [knowledge] of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter,' " as well as whether the claimant has a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the public corporation in its defense on the merits (*Matter of Katsiouras v City of New York*, 106 AD3d 916, 917 [2013], quoting *Matter of Jackson v Newburgh Enlarged City School Dist.*, 85 AD3d 1031, 1031 [2011]; *see* General Municipal Law § 50-e [5]; *Matter of Felice v Eastport / South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]).

Here, the record that a call had been made to the 911 emergency number, an ambulance report, and hospital records submitted by the petitioner show only that the respondent, the City of New York, had actual knowledge of the petitioner's accident, but not that the City had actual knowledge of the essential facts constituting the petitioner's claims that it had violated Labor Law §§ 200, 240 (1) and 241 (6) (*see Matter of Felice v Eastport / South Manor Cent. School Dist.*, 50 AD3d at 149-150; *Matter of DiBella v City of New York*, 234 AD2d 366 [1996]; *cf. Matter of Fennell v City Sch. Dist. of City of Long Beach*, 118 AD3d 783, 783-784 [2014]). Moreover, the petitioner's claimed ignorance of the notice of claim requirement does not excuse his failure to timely serve a notice of claim (*see Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790, 791 [2014]; *Quilliam v State of New York*, 282 AD2d 590 [2001]; *Matter of Gilliam v City of New York*, 250 AD2d 680 [1998]; *Weber v County of Suffolk*, 208 AD2d 527 [1994]). Further, the petitioner's excuse that he was unaware of the severity of his injury "is unavailing without supporting medical evidence explaining why the possible permanent effects of the injury took so long to become apparent and be diagnosed" (*Matter of Felice v Eastport / South Manor Cent. School Dist.*, 50 AD3d at 151; *see Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d at 791). Finally, the delay in serving the notice of claim prejudiced the City, as it was prevented from conducting an investigation in which it could have examined the conditions and circumstances of the alleged incident within 90 days after the alleged incident or within a reasonable time thereafter, and could have interviewed witnesses while their memories were still fresh (*see Matter of Ryan v New York City Tr. Auth.*, 110 AD3d 902, 904 [2013]; *Matter of Felice v Eastport / South Manor Cent. School Dist.*, 50 AD3d at 153; *Matter of Gillum v County of Nassau*, 284 AD2d 533 [2001]).

The petitioner's remaining contentions are improperly raised

for the first time on appeal (*see NYCTL 2009-A Trust v Tsafatinos*, 101 AD3d 1092, 1094 [2012]; *NYU Hosp. for Joint Diseases v Country Wide Ins. Co.*, 84 AD3d 1043, 1044 [2011]).

Accordingly, the Supreme Court providently exercised its discretion in denying the petition. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.