FRANCISCO RODRIGUEZ, Appellant, v CITY OF NEW YORK, Respondent. [40 NYS3d 903]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about September 16, 2015, which, upon vacating a prior order dismissing as abandoned the petition for leave to file a late notice of claim, denied petitioner's renewed application, unanimously affirmed, without costs.

We affirm on the alternate ground that the court lacked discretion to grant the renewed application for leave to file a late notice of claim since the application was made after the expiration of the one-year-and-90-day limitations period for bringing suit against the City (General Municipal Law § 50-i [1] [c]; *Pierson v City of New York*, 56 NY2d 950, 955-956 [1982]; *Fornabaio v City of New York*, 41 AD3d 125 [1st Dept 2007]).

Were we to reach the merits, we would find that the court providently exercised its discretion in denying the application. Petitioner demonstrated that a clerical error by his counsel's law firm resulted in the notice of claim being inadvertently served on the wrong entity, which is not necessarily an unacceptable excuse (*see Matter of Soto v New York City Hous. Auth.*, 180 AD2d 570 [1st Dept 1992]). However, petitioner did not

demonstrate either that the City had received actual notice of the facts constituting the claim against it within 90 days after the accident or a reasonable time thereafter (General Municipal Law § 50-e [5]; *see Chattergoon v New York City Hous. Auth.*, 161 AD2d 141 [1st Dept 1990], *affd* 78 NY2d 958 [1991]) or that the delay did not prejudice the City's ability to investigate (General Municipal Law § 50-e [5]; *see Harris v City of New York*, 297 AD2d 473, 474 [1st Dept 2002], *lv denied* 99 NY2d 503 [2002]). Concur—Friedman, J.P., Saxe, Richter, Gische and Kapnick, JJ.