Liporace v Neimark & Neimark, LLP (2018 NY Slip Op 04668)





Liporace v Neimark & Neimark, LLP


2018 NY Slip Op 04668


Decided on June 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


153323/15 5409 5408

[*1]Joseph Liporace, Jr., et al., Plaintiffs-Respondents,
v
Neimark & Neimark, LLP, et al., Defendants-Appellants.


Lewis Brisbois Bisgaard & Smith LLP, New York (Mark K. Anesh of counsel), for Neimark & Neimark, LLP, Marshall Adam Neimark, Esq. and Richard Neimark, Esq., appellants.
Goldberg Segalla LLP, New York (Stewart G. Milch of counsel), for Budin Reisman Kupferberg & Bernstein LLP, Harlan Budin, Alice Kupferberg and Adam Bernstein, appellants.
Ronemus & Vilensky LLP, Garden City (Lisa M. Comeau of counsel), for respondents.



Orders, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 18, 2016, which, to the extent appealed from as limited by the briefs, denied defendants' motions to dismiss the legal malpractice claim as against them, unanimously affirmed, without costs.
The complaint sufficiently alleges a claim for legal malpractice against both the Budin defendants and the Neimark defendants as plaintiff has sufficiently met the minimum pleading requirements (see Schwartz v Olshan Grundman Frome & Rosenzweig, 302 AD2d 193, 198 [1st Dept 2003]).
The Budin defendants, as successor counsel, had an opportunity to protect plaintiff's rights by seeking discretionary leave, pursuant to General Municipal Law § 50-e(5), to serve a late notice of claim. Whether the Budin defendants would have prevailed on such motion will have to be determined by the trier of fact (see Davis v Isaacson, Robustelli, Fox, Fine, Greco & Fogelgaren, 284 AD2d 104 [1st Dept 2001], lv denied 97 NY2d 613 [2002]; F.P. v Herstic, 263 AD2d 393 [1st Dept 1999]). We do not find this determination to be speculative given that Supreme Court will weigh established factors in exercising its General Municipal Law § 50-e(5) discretion (see e.g. Rodriguez v City of New York, 144 AD3d 574 [1st Dept 2016]; Matter of Strohmeier v Metropolitan Transp. Auth., 121 AD3d 548 [1st Dept 2014]).
We agree with plaintiff's argument that the Neimark defendants' failure to serve a timely notice of claim, as of right, on the New York City Department of Education in the underlying personal injury action remains a potential proximate cause of his alleged damages. Plaintiff has a viable claim against the Neimark defendants despite the fact that the Budin defendants were substituted as counsel before the expiration of time to move to serve a late notice of claim. Thus, the Budin defendants' substitution can only be deemed a superseding and intervening act that severed any potential liability for legal malpractice on the part of the Neimark defendants if a determination is made that a motion for leave to serve a late notice of claim would have been successful in the underlying personal injury action (see Pyne v Block & Assoc., 305 AD2d 213 [1st Dept 2003]).
The Decision and Order of this Court entered herein on January 9, 2018 (157 [*2]AD3d 473 [1st Dept 2018]) is hereby recalled and vacated (see M-665 and M-667, decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 26, 2018
CLERK