Matter of Moroz v City of New York (2018 NY Slip Op 06743)





Matter of Moroz v City of New York


2018 NY Slip Op 06743


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2017-03813
 (Index No. 512271/16)

[*1]In the Matter of Witold Moroz, respondent, 
v
City of New York, et al., appellants.


Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Nicholas P. Hurzeler and Meghan Cavalieri of counsel), for appellants.
The Perecman Firm, PLLC, New York, NY (Peter D. Rigelhaupt of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated March 9, 2017. The order granted the petition and deemed the notice of claim timely served nunc pro tunc.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
The petitioner allegedly was injured on January 7, 2016, while standing on the second floor of an external scaffold, when he was struck by a falling scaffold plank while performing renovation work at Dyker Heights Intermediate School, in Brooklyn. Approximately seven months later, he commenced this proceeding for leave to serve a late notice of claim upon the City of New York, the New York City Department of Education, and the New York City School Construction Authority (hereinafter collectively the municipal parties). The petition was opposed. The Supreme Court granted the petition, and the municipal parties appeal.
In determining whether to extend the time to serve a notice of claim, the Supreme Court was required to consider whether the municipal parties acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual, or within a reasonable time thereafter, as well as whether the petitioner had a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay substantially prejudiced the municipal parties in their defense on the merits (see General Municipal Law § 50-e[5]; Matter of Fernandez v City of New York, 131 AD3d 532, 532-533).
Although the petitioner made no attempt to proffer a reasonable excuse for the failure to serve a timely notice claim, "[n]either the presence nor absence of any one factor is determinative"; thus, "[t]he absence of a reasonable excuse is not necessarily fatal" (Matter of Jaffier v City of New York, 148 AD3d 1021, 1022).
The petitioner failed to establish that the municipal parties acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual, or within a reasonable time thereafter. Notably, the record is devoid of evidence showing that any of the municipal parties was aware, prior to the commencement of this proceeding, that the petitioner's accident had [*2]occurred—let alone that the petitioner was claiming violations of Labor Law §§ 200, 240(1), and 241(6) (see Matter of Fernandez v City of New York, 131 AD3d at 533). Contrary to the petitioner's contention, a delay of four months following the expiration of the 90-day notice period does not constitute a "reasonable time" within the meaning of General Municipal Law § 50-e(5) (see Matter of Bell v City of New York, 100 AD3d 990, 991; Matter of Booker v Wyandanch Union Free School Dist., 239 AD2d 574; Matter of Przybyszewski v City of New York, 225 AD2d 556).
Further, the petitioner failed to present "some evidence or plausible argument" supporting a finding that the municipal parties were not substantially prejudiced by the four-month delay from the expiration of the 90-day statutory period (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Cruz v Transdev Servs., Inc., 160 AD3d 729; Matter of Government Empls. Ins. Co. v Suffolk County Police Dept., 152 AD3d 517, 519). Where, as here, there is no reasonable excuse for the delay and the municipal parties did not acquire actual knowledge of the essential facts of the claim within the 90-day period or a reasonable time thereafter, the transitory nature of the injury-producing condition weighs against the granting of an application to file a late notice of claim (see Matter of Fernandez v City of New York, 131 AD3d at 533; McClatchie v City of New York, 105 AD3d 467, 468; Harris v City of New York, 297 AD2d 473, 474).
Accordingly, the Supreme Court improvidently exercised its discretion in granting the petition.
In light of our determination, we need not reach the municipal parties' remaining contention.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court