Matter of Smiley v Metropolitan Transp. Auth. (2019 NY Slip Op 00683)





Matter of Smiley v Metropolitan Transp. Auth.


2019 NY Slip Op 00683


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Richter, J.P., Manzanet-Daniels, Tom, Kahn, Singh, JJ.


8279N 160281/17

[*1] In re Melvin Smiley, Petitioner-Respondent,
v
Metropolitan Transportation Authority, et al., Respondents-Appellants.


Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Marcia K. Raicus of counsel), for appellants.
Massimo & Panetta, P.C., Mineola (Nicholas J. Massimo of counsel), for respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered January 12, 2018, which granted the petition for leave to file a late notice of claim and deemed the notice annexed to petitioner's application timely served and filed nunc pro tunc, unanimously reversed, on the law, without costs, and the petition denied.
The court improvidently exercised its discretion in granting the petition. Although the failure to proffer a reasonable excuse for the delay in serving a notice of claim is not alone fatal to a petition for leave to file a late notice (see e.g. Matter of Semyonova v New York City Hous. Auth., 15 AD3d 181, 182 [1st Dept 2005]), petitioner also failed to demonstrate that respondents acquired actual notice of the essential facts of the incident within 90 days after his claim arose or a reasonable time thereafter. The record fails to show that respondents actually received an accident report that contained the essential facts of the claims within the statutory deadline or that the condition of the construction site has remained unchanged since the accident (see Alladice v City of New York, 111 AD3d 477 [1st Dept 2013]; Ordillas v MTA N.Y. City Tr., 50 AD3d 391, 392 [1st Dept 2008]). That respondents are represented by the same counsel in an action commenced in Queens County Supreme Court regarding the accident does not require a different result, because petitioner does not allege that a timely notice of claim was served upon respondents in that action (compare Matter of Fox v New York City Dept. of Educ., 124 AD3d 887, 889 [2d Dept 2015]).
Petitioner also failed to show that respondents would not be prejudiced in maintaining a defense on the merits as a result of the delay in filing a notice of claim, given the lack of timely, actual knowledge of the essential facts constituting the claims,
and the transitory nature of the alleged defective condition (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016]; McClatchie v City of New York, 105 AD3d 467, 468 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK