Bianco v Law Offs. of Yuri Prakhin (2020 NY Slip Op 07849)





Bianco v Law Offs. of Yuri Prakhin


2020 NY Slip Op 07849


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-04561
 (Index No. 514493/16)

[*1]Tatyana Bianco, appellant-respondent, 
v
Law Offices of Yuri Prakhin, et al., defendants, Steven C. Kletzkin, PLLC, et al., respondents, Schneider Law Group, et al., respondents-appellants.


William Pager, Brooklyn, NY, for appellant-respondent.
Ohrenstein & Brown, LLP, Garden City, NY (Matthew Bryant and Paul P. Plush of counsel), for respondents-appellants.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (William T. McCaffery of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for legal malpractice and breach of Judiciary Law § 487, the plaintiff appeals, and the defendants Schneider Law Group and William Z. Schneider cross-appeal, from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated March 31, 2017. The order, insofar as appealed from, granted the motion of the defendants Steven C. Kletzkin, PLLC, and Steven C. Kletzkin pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The order, insofar as cross-appealed from, denied the motion of the defendants Schneider Law Group and William Z. Schneider pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, the motion of the defendants Steven C. Kletzkin, PLLC, and Steven C. Kletzkin pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them is denied; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff allegedly slipped and fell on ice on a subway staircase in Brooklyn on January 21, 2014. Shortly thereafter, she retained the defendants Law Office of Yuriy Prahkin and Yuriy Prahkin (hereinafter together the Prahkin defendants) to represent her in a personal injury action relating to the fall. The Prahkin defendants served a timely notice of claim on the City of New York, but failed to do so with respect to the New York City Transit Authority (hereinafter NYCTA). In July 2014, the plaintiff retained the defendants Schneider Law Group and William Z. Schneider (hereinafter together the Schneider defendants) as successor counsel to the Prahkin defendants. The Schneider defendants, in turn, retained the defendants Steven C. Kletzkin, PLLC, and Steven C. Kletzkin (hereinafter together the Kletzkin defendants) as trial counsel representing the plaintiff in an action against the NYCTA.
In February 2015, the Schneider defendants served an untimely notice of claim upon NYCTA. In March 2015, the Kletzkin defendants commenced an action on the plaintiff's behalf against the NYCTA to recover damages for the personal injuries she allegedly sustained as a result of the slip and fall. In an order dated April 15, 2016, the Supreme Court granted the NYCTA's motion to dismiss the complaint in the personal injury action against the NYCTA "with prejudice, and no opposition submitted thereto." 
The plaintiff then commenced this action against the Prahkin defendants, the Schneider defendants, and the Kletzkin defendants, seeking to recover damages for legal malpractice and violations of Judiciary Law § 487. After issue was joined, the Kletzkin defendants and the Schneider defendants separately moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against each of them. In an order dated March 31, 2017, the Supreme Court, inter alia, granted the Kletzkin defendants' motion and denied the Schneider defendants' motion. The plaintiff appeals, and the Schneider defendants cross-appeal. 
On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (see CPLR 3026). The facts as alleged in the complaint are accepted as true, the plaintiff is afforded the benefit of every possible favorable inference, and the court determines only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Under CPLR 3211(a)(1), a dismissal is warranted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d at 88). In order for evidence to qualify as documentary, it must be unambiguous, authentic, and undeniable (see Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997; Fontanetta v John Doe 1, 73 AD3d 78, 86). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d at 84-85 [internal quotation marks omitted]; see First Choice Plumbing Corp. v Miller Law Offs., PLLC, 164 AD3d 756, 758). Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1) (see Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 678; Granada Condominium III Assn. v Palomino, 78 AD3d at 997). Accordingly, the hearing transcripts, affirmation, and affidavit relied upon by the Kletzkin defendants and the Schneider defendants in support of their respective motions do not constitute documentary evidence for the purposes of CPLR 3211(a)(1). Additionally, the trial
counsel agreement between the Schneider defendants and the Kletzkin defendants, which does constitute documentary evidence, did not utterly refute the factual allegations of the complaint and did not conclusively establish a defense to the claims as a matter of law.
On a motion made pursuant to CPLR 3211(a)(7), the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party (see Sokol v Leader, 74 AD3d 1180, 1181). "Unless the motion is converted into one for summary judgment pursuant to CPLR 3211(c), 'affidavits may be received for a limited purpose only, serving normally to remedy defects in the complaint,' and such affidavits 'are not to be examined for the purpose of determining whether there is evidentiary support for the pleading'" (Sokol v Leader, 74 AD3d at 1181, quoting Rovello v Orofino Realty Co., 40 NY2d 633, 635, 636; see Nonnon v City of New York, 9 NY3d 825, 827). Affidavits submitted by a defendant "will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (Lawrence Graubard v Miller, 11 NY3d 588, 595 [emphasis and internal quotation marks omitted]; see Sokol v Leader, 74 AD3d at 1182). "[U]nless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Carlson v American Intl. Group, Inc., 30 NY3d 288, 298; AG Capital Funding Partners, L.P. v State St. Bank and Trust Co., 5 NY3d 582, 591).
Here, the plaintiff adequately pleaded the cause of action alleging legal malpractice against the Kletzkin defendants and the Schneider defendants. Contrary to the contentions of those defendants, neither conclusively established that an application for leave to serve a late notice of [*2]claim or to deem the late notice of claim timely served upon the NYCTA nunc pro tunc would have been futile (see generally Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465; Davis v Isaacson, Robustelli, Fox, Fine, Greco & Fogelgaren., 284 AD2d 104, 105).
Contrary to the Kletzkin defendants' contention, the complaint adequately states a cause of action to recover damages for violation of Judiciary Law § 487. Contrary to the Schneider defendants' contention, the cause of action alleging violation of Judiciary Law § 487 is not duplicative of the cause of action alleging legal malpractice. "A violation of Judiciary Law § 487 requires an intent to deceive (see Judiciary Law § 487), whereas a legal malpractice claim is based on negligent conduct" (Moormann v Perini & Hoerger, 65 AD3d 1106, 1108; see Bill Birds, Inc. v Stein Law Firm, P.C., 164 AD3d 635, 637, affd 35 NY3d 173).
Accordingly, we agree with the Supreme Court's determination denying the Schneider defendants' motion, but conclude that the court also should have denied the Kletzkin defendants' motion to dismiss the complaint insofar as asserted against them.
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court