A.M. v New York City Health & Hosps. Corp. (2023 NY Slip Op 00146)

A.M. v New York City Health & Hosps. Corp.

2023 NY Slip Op 00146

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez, JJ. 

Index No. 811772/21E Appeal No. 17067 Case No. 2022-01113 

[*1]A.M., etc., et al., Plaintiffs-Respondents,
v
New York City Health and Hospitals Corporation Doing Business as Lincoln Hospital, Defendant-Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for appellant.
Law Office of Larry Rosenfeld P.C., Syosset (Larry Rosenfeld of counsel), for respondent.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered February 3, 2022, which granted plaintiffs' motion for leave to file a late notice of claim and denied defendant's cross motion to dismiss the complaint, unanimously modified, on the law, to deny plaintiffs' motion for leave as to plaintiff Mary Mbah's individual claims for medical malpractice and for emotional and psychological trauma as abandoned, and to grant defendant's cross motion to the extent of dismissing the complaint as to those claims for failure to file a timely notice of claim, and otherwise affirmed, without costs.
The motion court providently exercised its discretion in granting plaintiffs leave to file a late notice of claim and denying defendant's cross motion to dismiss the complaint as to the claims asserted by infant plaintiff. The medical records, which have been in defendant's possession since the time of the alleged malpractice, demonstrate that defendant had actual knowledge of the essential facts of plaintiffs' claims regarding infant plaintiff. The records document that after A.M.'s birth, infant plaintiff was "noted to have right side Erbs palsy" and to "[f]ollow up with Neurology" because the child had "Brachial plexus injury as birth trauma (right) . . . noted with asymmetric moro reflex, decreased spontaneous movement of right upper extremity, right brachial plexus palsy suspected." Defendant's possession of plaintiffs' medical records since the time of the alleged malpractice gave it actual notice of the alleged cause of infant plaintiff's brachial plexus injury from the inception. Given knowledge of the essential facts and the lack of substantial prejudice to defendant, that plaintiffs delayed seven months after the Covid-19 toll expired before moving for leave to serve a late notice of claim is not fatal (see Figueroa v New York City Health & Hosps. Corp. [Jacobi Med. Ctr.], 49 AD3d 454, 455 [1st Dept 2008]).
Although the burden shifted to defendant, it raised no claim as to how it would be substantially prejudiced should it be required to defend against the complaint's allegations regarding infant plaintiff's alleged injuries on the merits (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467 [2016]). Given defendant's actual knowledge of the facts constituting infant plaintiff's medical malpractice claims within a reasonable time after the alleged injuries, defendant cannot be heard to say that it was prejudiced by a notice of claim served seven months after the deadline expired (see Thomas v New York City Hous. Auth., 132 AD3d 432, 434 [1st Dept 2015]; Matter of Lopez v City of New York, 103 AD3d 567, 568 [1st Dept 2013]). That plaintiffs did not submit an expert affidavit in support of their leave application as to infant plaintiff is of no moment since the basic facts underlying the malpractice claim as to the child can be gleaned from the medical records, obviating the necessity for an expert opinion (see Matter of Katshana [*2]H. v New York City Health & Hosps. Corp., 173 AD3d 448, 449 [1st Dept 2019]).
Counsel for respondents stated at oral argument that the mother is abandoning her individual claims. As to the mother's claim for loss of services, the mother was properly granted leave to file a late notice of claim. Inasmuch as her derivative claim is predicated upon exactly the same facts as infant plaintiff's claims, there is no rational basis upon which to grant the application with respect to infant plaintiff but not the mother (see Matter of Darrin v County of Cattaraugus, 151 AD3d 1930, 132 [4th Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023