225 ADC Realty Corp. v Popular Jewelry Corp. (2023 NY Slip Op 06469)

225 ADC Realty Corp. v Popular Jewelry Corp.

2023 NY Slip Op 06469

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Singh, J.P., Friedman, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 651440/19 Appeal No. 1274 Case No. 2023-01994 

[*1]225 ADC Realty Corp, Plaintiff-Appellant,
v
Popular Jewelry Corp. Also Known as Popular Jewelry Inc., Defendant-Respondent.

Baltzis Daigle LLP, New York (Konstantinos Baltzis of counsel), for appellant.
Himmelstein McConnell Gribben & Joseph LLP, New York (Jesse Gribben of counsel), for respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered September 27, 2022, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(5) based upon the expiration of the statute of limitations, unanimously affirmed, with costs.
As an initial matter, plaintiff argued that the court should not have granted the motion because defendant did not annex the pleadings to its initial motion papers. However, CPLR 2001 gives the court discretion to permit an omission, mistake, or defect to be corrected upon such terms as may be just so long as a substantial right of a party is not prejudiced. The court providently exercised its discretion in permitting defendant to attach the pleadings to its reply papers, especially because those papers were electronically filed and readily available to the court and both parties (see Pandian v New York Health & Hosps. Corp.,54 AD3d 590, 591 [1st Dept 2008]; Studio A Showroom, LLC v Yoon, 99 AD3d 632 [1st Dept 2012]).
The court properly found that the action is barred by the six-year statute of limitations applicable to breach of contract claims. The statute of limitations for breach of contract begins to run at the time of the alleged breach (see e.g. Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc., 105 AD3d 820, 822 [2d Dept 2013], lv dismissed 21 NY3d 1024 [2013]), which the complaint alleged occurred in 2011, over six years before this action was commenced. The continuing wrong doctrine may be applied where there is a series of continuing wrongs that tolls the running of the limitations period to the date of the last wrongful act (see Capruso v Village of Kings Point, 23 NY3d 631, 641 [2014]; see also Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017]). Here, plaintiff alleged a single breach that caused the Department of Buildings to issue a violation in January 2011, which was fully resolved on March 1, 2011. Thus, the claim accrued, and the statute of limitation began to run, no later than March 1, 2011.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023