Matter of Dubuche v New York City Tr. Auth. (2024 NY Slip Op 04515)

Matter of Dubuche v New York City Tr. Auth.

2024 NY Slip Op 04515

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 151849/23 Appeal No. 2598-2599 Case No. 2023-04911, 2024-02167 

[*1]In the Matter of Ralph Dubuche, Respondent,
v
The New York City Transit Authority et al., Appellants.

Anna J. Ervolina, Deputy General Counsel, MTA Law Department, Brooklyn (Theresa Frame of counsel), for appellants.
Mitchell Dranow, Sea Cliff, for respondent.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered on or about September 14, 2023, which granted petitioner's motion for leave to serve a late notice of claim on respondents New York City Transit Authority (NYCTA), MABSTOA, MTA, MTA Bus Company, and Harold Smith (collectively, respondents), and order, same court and Justice, entered on or about March 26, 2024, which, upon reargument, adhered to its prior determination, unanimously affirmed, without costs.
Contrary to petitioner's contention, respondents' record on appeal complies with CPLR 2214(c) and provides no basis for dismissing the appeal.
On the merits, we conclude that Supreme Court providently exercised its discretion in granting petitioner leave to file a late notice of claim on respondents and, on reconsideration, denying their motion to reargue.
Petitioner submitted evidence demonstrating that respondents MTA and NYCTA
received actual knowledge of the essential facts giving rise to his claim within 90 days of the accident or a reasonable time thereafter. The evidence showed that, within that period, petitioner's prior law firm communicated directly with an MTA employee concerning his claim and sent a copy of the police accident report to the MTA employee, who later informed counsel that the police report had been forwarded to "NYCT Claims for handling." The police report sets forth the date, time and place of the alleged accident, identifies one of the vehicles as an MTA bus driven by respondent bus driver, and includes petitioner's statement that the bus had rear-ended his vehicle. It further indicates that the airbags in petitioner's vehicle deployed, he sustained an injury to his shoulder, and an ambulance brought him to Harlem Hospital following the accident. The police report thus sufficiently apprised respondents of petitioner's claim that he sustained injuries as a result of respondent bus driver's negligence in operation of the bus (see Matter of Gerzel v City of New York, 117 AD2d 549, 551 [1st Dept 1986]; Matter of Toro v New York City Hous. Auth., 182 AD2d 358, 358 [1st Dept 1992]). "Where the facts upon which the municipality's liability is predicated are discernable from the report of an accident, actual knowledge will be imputed to the municipality" (Matter of Soto v New York City Hous. Auth., 180 AD2d 570, 571 [1st Dept 1992]).
Although the emails and the police report were not submitted with petitioner's moving papers, the court properly considered them because they had been electronically filed previously in a prior proceeding and were properly referred to by petitioner, giving the docket numbers on the e-filing system (CPLR 2214 [c]). In addition, the court had discretion to consider the documents because they were annexed to petitioner's reply papers and they were electronically filed and readily available to the court and both parties (see 225 ADC Realty Corp. v Popular Jewelry Corp., 222 AD3d 510, 510 [1st Dept 2023]; Pandian v New York [*2]Health & Hosps. Corp., 54 AD3d 590, 591 [1st Dept 2008]; CPLR 2001). Respondents' evidentiary objection to the documents showing that NYCTA received the police report is not preserved for appellate review (see A&W Egg Co., Inc. v Tufo's Wholesale Dairy, Inc., 169 AD3d 616, 617 [1st Dept 2019]).
Petitioner's evidence showing that respondents had actual notice of the facts constituting the claim within 90 days of the accident or a reasonable time thereafter also provides a "plausible argument" that respondents will not be substantially prejudiced in investigating and defending the claim (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016]). The burden having shifted, respondents' conclusory assertions of prejudice, based solely on the delay in serving the notice of claim, are insufficient (see id. at 467; Matter of Lopez v City of New York, 103 AD3d 567, 568 [1st Dept 2013]).
Petitioner's excuse of law office failure arising from his prior counsel attempting to file a notice of claim against the wrong party is not a reasonable excuse for failing to timely serve a notice of claim upon respondents (see Colarossi v City of New York, 118 AD3d 612, 612 [1st Dept 2014]). However, the absence of a reasonable excuse is not, standing alone, fatal to the application, given that respondents had actual notice of the essential facts constituting petitioner's claim and were not prejudiced by the delay (see Clarke v New York City Tr. Auth., 222 AD3d 552, 553 [1st Dept 2023]; Matter of Dominguez v City Univ. of N.Y., 166 AD3d 540, 541 [1st Dept 2018]).
Respondents' newly raised argument that the court erred in granting petitioner leave because the proposed notice annexed to his application was not verified, and thus, defective, is unpreserved for review and, in any event, is misplaced because a failure to verify the notice of claim may be "excused or corrected" (Gass v Hahn, 98 AD2d 741, 742 [2d Dept 1983]).
We have considered respondents' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024